ADVISORY OPINION *re* CONSTITUTIONALITY
OF PA 1966, NO 261.

Opinion of the Court.

1. Constitutional Law—Local Government—Apportionment.
   The Constitution of the United States imposes one ground rule for the development of arrangements of local government, a requirement that units with general governmental powers over an entire geographic area not be apportioned among single-member districts of substantially unequal population.

---

References for Points in Headnotes
[1–7] 25 Am Jur 2d, Elections § 12 *et seq.*
Inequalities in population of election districts or voting units as rendering apportionment unconstitutional—Federal cases. 12 L Ed 2d 1282.

2. COUNTIES—BOARD OF SUPERVISORS—CONSTITUTIONAL LAW—STAT-
UTES.

One-man one-vote principle made applicable to units of county
government by decision of the Supreme Court of the United
States renders invalid a State constitutional provision that
there shall be one supervisor from each organized township
without regard to population disparities; hence, State statute
providing for the apportionment of county boards of supervisors
among supervisorial districts to be established as equal in popu-
lation as possible is not invalid, because not in conflict with any
other part of Constitution (Const 1963, art 7, § 7; PA 1966, No
261).


DISSENTING OPINION.

KELLY, J.

3. COUNTIES—APPORTIONMENT OF BOARD OF SUPERVISORS—ADVISORY
OPINION.

*Opinion of the Supreme Court of the United States requiring that
local units with general governmental powers over an entire
geographic area not be apportioned among single-member dis-
tricts of substantially unequal population did not require re-
versal of advisory opinion of the State Supreme Court to the
effect that a statute providing for apportionment of county
boards of supervisors on basis of one-man one-vote principle
was contrary to provision of State Constitution requiring auto-
matic allocation of one supervisor to each organized township
(Const 1963, art 7, § 7; PA 1966, No 261).*


DISSENTING OPINION.

BRENNAN, J.

4. CONSTITUTIONAL LAW—COUNTIES.

*Unless the State Constitution mandates a system of county gov-
ernment based on a principle other than one-man one-vote, it
should not be held invalid.*

5. COUNTIES—APPORTIONMENT.

*The Michigan Constitution does not require disproportionate rep-
resentation on county boards of supervisors, as it says nothing
about the size or shape of townships; the alteration of town-
ships is entirely within the province of the legislature.*

6. SAME—BOARD OF SUPERVISORS—TOWNSHIPS.

*"Supervisor districts" which are drawn pursuant to statute to
effectuate the one-man one-vote principle will by operation of*

*the Constitution become "townships," having all the powers and incidents associated with local self-government (Const 1963, art 7, § 7; PA 1966, No 261).*

7. STATUTES—TOWNSHIPS—BOUNDARIES.
   *The legislature has the power to change township boundaries so that the townships of any given county could be approximately equal in population, and townships as altered would be in compliance with the Constitution and the one-man one-vote principle (Const 1963, art 7, § 7).*

Request by Governor George Romney for advisory opinion as to constitutionality of PA 1966, No 261. Statute declared unconstitutional. Submitted January 4, 1967. (Calendar No. 10, Docket No. 51,585.) Decided April 10, 1967. 379 Mich 55. Reconsidered following a decision of the Supreme Court of the United States. Statute declared constitutional and provision in State Constitution declared invalid May 8, 1968.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General and *Curtis G. Beck,* Assistant Attorney General.

*Amici Curiae:*

*Vander Veen, Freihofer & Cook,* for Kent County.

*Charles A. Larnard,* for Michigan State Association of Supervisors.

*Tom Downs,* for Marvin R. Stempien.

*Rothe, Marston, Mazey, Sachs & O'Connell,* for Michigan State AFL-CIO.

UPON RECONSIDERATION.

PER CURIAM.   Responding to request of the governor, submitted to this Court pursuant to the provisions of Const 1963, art 3, § 8, five of the Justices advised April 10, 1967, that PA 1966, No 261,[1] violated Const 1963, art 7, § 7.   The specific words employed were that "The constitutional provision [Const 1963, art 7, § 7] is valid and, therefore PA 1966, No 261 is not." *Advisory Opinion re Constitutionality of PA 1966, No 261* (1967), 379 Mich 55, 65.

When that opinion was delivered to the governor, it was thought that the group of cases known as *Moody* v. *Flowers;* and *Board of Supervisors of Suffolk County* v. *Bianchi; Sailors* v. *Board of Education of the County of Kent;* and *Dusch* v. *Davis,* then due for submission before the Supreme Court, might be dispositive of the question posed by the governor. It turned out not to be so.   See the report of such cases, released May 22, 1967, 387 US 97 (87 S Ct 1544, 18 L ed 2d 643) ; 387 US 105 (87 S Ct 1549, 18 L ed 2d 650) ; 387 US 112 (87 S Ct 1554, 18 L ed 2d 656).   Some 19 days later, however, certiorari to review the now controlling *Avery Case* was granted. 388 US 905 (87 S Ct 2106, 18 L ed 2d 1345).

The Supreme Court has now decided *Avery* v. *Midland County, Texas* (1968), 390 US 474 (88 S Ct 1114, 20 L ed 2d 45).   Five of the eight participating Justices summarized, as follows, that which now requires recall and reversal of of the aforesaid advisory opinion (pp 485, 486):

"Our decision today is only that the Constitution imposes one ground rule for the development of arrangements of local government: a requirement that

---

[1] The act is entitled:

"An act to provide for the apportionment of county boards of supervisors; to prescribe the size; to prescribe the manner of election of the members of the county board of supervisors; and to repeal certain acts and parts of acts,"

units with general governmental powers over an entire geographic area not be apportioned among single-member districts of substantially unequal population."

*Avery* as of April 1, 1968, has become supreme law, made so by the Sixth Article.[2] It binds this Court and all other State courts to promptly responsive obedience. Applying it to sections 7 and 18 of article 7 of our Constitution,[3] we may conclude only that *Avery* has rendered section 7 unconstitutional, particularly on account of section 18's requirement that each township supervisor "shall be elected," one supervisor for each township, regardless of those disparities of the population of townships within each of our counties which judicial notice cannot blink. The advisory opinion, delivered to the governor as above, is therefore recalled and superseded by that which follows.

The *Avery Case* considered, it is our opinion that said PA 1966, No 261 is valid, section 7 of article 7 notwithstanding. For *Avery* has just lifted section 7 out of our Constitution, leaving the rest of article 7 intact with the legislature left free to implement it in the same manner as if no section 7 had ever appeared therein.

Nothing beyond the foregoing is advised or opined. Other questions arising under said Act No 261, whether of validity thereof tested by some new constitutional onslaught, or of interpretation and

---

[2] US Const, Art 6, subd (2).—REPORTER.

[3] "Sec. 7. A board of supervisors shall be established in each organized county consisting of one member from each organized township and such representation from cities as provided by law."

"Sec. 18. In each organized township there shall be elected for terms of not less than two nor more than four years as prescribed by law a supervisor, a clerk, a treasurer, and not to exceed four trustees, whose legislative and administrative powers and duties shall be provided by law."

application of its provisions, or of the necessitous timing of acts required thereby, or of the continuity of existing county government and tenure of presently elected supervisors; all these are left open to future action and determination according to the regular practices of the judicial process.

The clerk will promptly deliver certified copies of these revised opinions to the governor and will furnish copies to the attorney general.

DETHMERS, C. J., and BLACK, T. M. KAVANAGH, SOURIS, O'HARA, and ADAMS, JJ., concurred.

KELLY, J. (*dissenting*). I do not believe the *Avery Case* requires recall and reversal of our April 10, 1967, advisory opinion.

BRENNAN, J. (*dissenting*). Without benefit of briefs or arguments our Court today hastily declares unconstitutional the integrated scheme of local self-government adopted by the people of Michigan in 1963. No statute, much less constitutional provision, ought to be presumed unconstitutional. Unless Michigan's Constitution *mandates* a system of county government on a basis other than one-man one-vote, it should be held valid. Michigan's 1963 Constitution does not *require* disproportionate representation on county boards of supervisors.

Article 7, § 7, provides:

"A board of supervisors shall be established in each organized county consisting of one member from each organized township and such representation from cities as provided by law."

Article 7, § 17, provides:

"Each organized township shall be a body corporate with powers and immunities provided by law."

Michigan's integrated system of local self-government is not in conflict with the one-man one-vote principle.

Our Constitution says nothing about the size or shape or boundaries of townships. Re-structuring of townships is entirely within the province of the legislature.

Our Constitution requires that the members of the county boards of supervisors represent their constituents, not only as residents of the county, but also in their capacity as an organized, corporate local body politic.

The citizens of Michigan already find themselves encircled by a maze of conflicting and overlapping boundaries. Township lines, school board lines, State representative district lines, State senatorial district lines and congressional district lines have all been drawn independently and without necessary relation to one another.

By PA 1966, No 261, the legislature would impose still another independent, irrelevant set of boundaries upon our citizens, contrary to the clear mandate of the 1963 Constitution of Michigan.

It is my opinion that the application of *Avery's* one-man one-vote principle in Michigan, will require a change of township boundaries, that any new "supervisor districts" which are drawn will by operation of article 7, §§ 7 and 17, Const 1963, become "townships", having all the powers and incidents associated with local township government.

No one claims, in this Court or elsewhere, that the legislature does not have the power to change township boundaries.

No one claims that the legislature could not change township boundaries so that the townships of any given county would be approximately equal in population. And if our townships were thus re-struc-

tured, all would agree that article 7, § 7, would not offend against the one-man one-vote principle.

But, without benefit of argument or brief, without hearing the pros and cons of township re-structuring, our Court chooses to assume that such a thing would be unworkable and undesirable.

I submit that it is workable.

I submit that it is desirable.

I submit that it is the integrated scheme of local government which our people adopted in the Constitution we are sworn to uphold.