*In re* APPORTIONMENT OF THE ONTONAGON COUNTY BOARD OF SUPERVISORS—1967.

PETITION OF CARP LAKE TOWNSHIP.

OPINION OF THE COURT.

1. COUNTIES—BOARD OF SUPERVISORS—APPORTIONMENT—CONSTITUTIONAL LAW—STATUTES.

Apportionment plan authorized by State statute for election of county board of supervisors, not providing for 1 supervisor from each organized township, *held,* unconstitutional, since State Constitution requires such provision (Const 1963, art 7, § 7; PA 1966, No 261, § 7).

2. SAME—BOARD OF SUPERVISORS—APPORTIONMENT—STATUTES—CONSTITUTIONAL LAW.

State statute authorizing election of county board of supervisors, not providing for 1 supervisor from each organized township, *held,* unconstitutional, since State Constitution requires such provision (Const 1963, art 7, § 7; PA 1966, No 261, § 7).

3. COSTS—COUNTY BOARD OF SUPERVISORS—APPORTIONMENT.

No costs are allowed in action to review constitutionality of apportionment plan authorized by State statute, a public question being involved (PA 1966, No 261, § 6).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 26 Am Jur 2d, Elections §§ 12–15, 31.
[3] 5 Am Jur 2d, Appeal and Error § 1009.
[4] 26 Am Jur 2d, Elections § 31.
[5] 20 Am Jur 2d, Courts § 189.
[6] 26 Am Jur 2d, Elections §§ 12–15, 31.

4. Constitutional Law—Equal Protection—Townships—Population—Supervisors.

   Section of Constitution allocating to each township only 1 supervisor irrespective of population is contrary to the equality clause of the Constitution of the United States (US Const, Am 14; Mich Const 1963, art 7, § 7).

5. Courts—Advisory Opinion—Precedents.

   An advisory opinion of the Supreme Court as to the constitutionality of a statute, made at the request of the governor prior to its becoming effective, is not a judicial determination, or a precedent of any kind or enforceable against anyone, including the Court itself, and does not have stare decisis effect (Const 1963, art 3, § 8; PA 1966, No 261).

6. Counties—Board of Supervisors—Apportionment—Statute—Constitutional Law.

   State statute authorizing election of members of county board of supervisors, being in conflict only with the section of State Constitution requiring 1 supervisor from each organized township irrespective of population, held, valid and enforceable, notwithstanding such conflict, since that provision of the Constitution violates the equality clause of the Constitution of the United States (US Const, Am 14; Mich Const 1963, art 7, § 7; PA 1966, No 261).

Statutory action in Court of Appeals by Carp Lake Township to review apportionment plan for the Board of Supervisors of Ontonagon County. Submitted Division 2, October 10, 1967, at Lansing. (Docket No. 3,714.) Statute and plan declared unconstitutional February 19, 1968. Rehearing granted April 11, 1968. See 11 Mich App 348.

*Messner & LaBine,* for plaintiff, Carp Lake Township.

*Allen R. Briggs,* Ontonagon County Prosecuting Attorney, for defendants.

*Amici Curiae:*

*Frank J. Kelley,* Attorney General, and *Robert A. Derengoski,* Solicitor General, for the Attorney General.

*Rothe, Marston, Mazey, Sachs & O'Connell,* for Michigan State AFL-CIO.

*Tom Downs,* for Marvin R. Stempien, former chairman of apportionment committee of State house of representatives.

*Charles A. Larnard,* for Michigan State Association of Supervisors.

*Vander Veen, Freihofer & Cook,* for Kent County.

Quinn, J. Pursuant to the provisions of PA 1966, No 261 (MCLA, § 46.401 *et seq.* [Stat Ann 1968 Cum Supp § 5.359(1) *et seq.*]), the board of supervisors of Ontonagon county adopted and filed an apportionment plan for the election of a board of supervisors for the county. This plan did not provide for one supervisor from each organized township as required by Const 1963, art 7, § 7.[1] Within the statutory time limit and pursuant to PA 1966, No 261, § 6 (MCLA, § 46.406 [Stat Ann 1968 Cum Supp § 5.359(6)]),[2] a registered voter of the county filed a petition with the Court of Appeals to review such plan. By order dated June 29, 1967, the Court of Appeals granted the petition, invited certain *amicus curiae* briefs, established deadlines

[1] Sec. 7. A board of supervisors shall be established for each organized county consisting of one member from each organized township and such representation from cities as provided by law.

[2] Sec. 6. Any registered voter of the county within 30 days after the filing of the plan for his county may petition the Court of Appeals to review such plan to determine if the plan meets the requirements of the laws of this State. Any finding of the Court of Appeals may be appealed to the Supreme Court of the State as provided by law.

for the filing of all briefs, set the matter for submission at the October, 1967, session of the Court, and requested all those filing briefs to brief 3 specific questions.[3]

We gratefully acknowledge the assistance given us by all briefs and the oral arguments.

It is self-evident that this plan and PA 1966, No 261, which authorized the plan, are in direct conflict with Const 1963, art 7, § 7, and that both the plan and statute are unconstitutional under the 1963 Constitution of this State. All those involved in this litigation concede this fact. The inquiry then becomes, is Const 1963, art 7, § 7, in conflict with the United States Constitution?

In spite of the merit of the arguments advanced by those urging an affirmative answer to this question, this Court cannot adopt such arguments as a basis for decision if there is controlling law to the contrary. There is such controlling law. In *Advisory Opinion re Constitutionality of PA 1966, No 261* (1967), 379 Mich 55, a clear majority of the Supreme Court unreservedly held that Const 1963, art 7, § 7, was constitutional and PA 1966, No 261, unconstitutional, the language of Justice BLACK in his concurring opinion that advisory opinions are nonprecedential and nonadjudicatory notwithstanding.

We are constrained to hold PA 1966, No 261, and the plan here reviewed unconstitutional and of no effect. This conclusion obviates discussion of the "guideline" question arising from the provisions of PA 1966, No 261, § 4(a) through (h).

---

[3] (a) Is Const 1963, art 7, § 7 in conflict with the United States Constitution;

(b) Is PA 1966, No 261 constitutional;

(c) The relevant case law from any jurisdiction in the United States that interprets or defines similar provisions for "guidelines for apportionment" as contained in PA 1966, No 261, § 4(a) through (h).

An appropriate order may enter but without costs, a public question being involved.

J. H. Gillis, J., concurred with Quinn, J.

T. G. Kavanagh, P. J. (*dissenting*).  For the reasons set forth in the opinion of Mr. Justice Black in *Advisory Opinion re Constitutionality of PA 1966, No 261* (1967), 379 Mich 55, I believe the opinion therein is neither precedential nor adjudicatory.

For the reasons set forth in the opinion of Mr. Justice Souris in *Brouwer v. Kent County Clerk* (1966), 377 Mich 616, I conclude Michigan Constitution of 1963, art 7, § 7, is void as violating the equal protection clause of the Constitution of the United States, Am 14, § 1.

PA 1966, No 261, being in conflict only with article 7, § 7, and in all other respects consonant with the Michigan Constitution of 1963, is valid and enforceable.

The plan adopted by the Ontonagon board of supervisors for the apportionment of that board appears to comport completely with PA 1966, No 261 and should be approved.