*In re* APPORTIONMENT OF THE ONTONAGON COUNTY BOARD OF SUPERVISORS—1967.

PETITION OF CARP LAKE TOWNSHIP.

ON REHEARING.

1. CONSTITUTIONAL LAW—EQUAL PROTECTION—APPORTIONMENT OF BOARD OF SUPERVISORS.

Section of State Constitution allocating to each township only 1 member of county board of supervisors irrespective of population is contrary to the equal protection clause of the Constitution of the United States as construed by the Supreme Court of the United States (US Const, Am 14; Mich Const 1963, art 7, § 7).

---

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 25 Am Jur 2d, Elections §§ 16, 31.

2. COUNTIES—BOARD OF SUPERVISORS—APPORTIONMENT—GUIDELINES.
    Mandatory guidelines in statute for apportionment of county supervisor districts, setting for the provisions pertaining to population, contiguity, shape, combination and division of political subdivisions, residency, and partisan political advantage *held,* to meet Federal standards of apportionment (PA 1966, No 261, § 4[a] through [h]).

3. SAME—APPORTIONMENT PLAN—STATUTES.
    Apportionment plan for county board of supervisors *held,* to meet requirements of statute and declared, on rehearing, to be constitutional (PA 1966, No 261).

Statutory action in Court of Appeals by Carp Lake Township to review apportionment plan for the Board of Supervisors of Ontonagon County. Submitted Division 2, October 10, 1967, at Lansing. (Docket No. 3,714.)    Statute and plan declared unconstitutional February 19, 1968.    See 9 Mich App 349.    Submitted on rehearing April 17, 1968.    Provision of State Constitution allocating 1 member of county board of supervisors to each township declared unconstitutional.    Statute and plan declared constitutional April 30, 1968.

*Messner & LaBine,* for plaintiff, Carp Lake Township.

*Allen R. Briggs,* Ontonagon County Prosecuting Attorney, for defendants.

*Amici Curiae:*

*Frank J. Kelley,* Attorney General, and *Robert A. Derengoski,* Solicitor General, for the Attorney General.

*Rothe, Marston, Mazey, Sachs & O'Connell,* for Michigan State AFL-CIO.

*Tom Downs,* for Marvin R. Stempien, former chairman of apportionment committee of State house of representatives.

*Charles A. Larnard,* for Michigan State Association of Supervisors.

*Vander Veen, Freihofer & Cook,* for Kent County.

On Rehearing.

Per Curiam. On the basis of the decision of the United States Supreme Court in *Avery* v. *Midland County* (1968), 390 US 474 (88 S Ct 1114, 20 L Ed 2d 45), the majority opinion of this Court in this case reported at 9 Mich App 349 is reversed and Const 1963, art 7, § 7, is declared unconstitutional under the Constitution of the United States as interpreted by *Avery.*

A review of the mandatory guidelines prescribed by PA 1966, No 261, § 4(a) through (h) (CL 1948, § 46.404 [Stat Ann 1968 Cum Supp § 5.359(4)]), convinces us that they meet Federal standards of apportionment and that they are reasonable and proper. We so hold.

A review of the apportionment plan adopted and filed by the board of supervisors of Ontonagon county convinces us that it meets the requirements of PA 1966, No 261,* and we so hold.

T. G. Kavanagh, P. J., and J. H. Gillis and Quinn, JJ., concurred.

---

* See MCLA § 46.401 *et seq.* (Stat Ann 1968 Cum Supp § 5.359[1] *et seq.*).—Reporter.