11 Mich. App. 348 (1968)
157 N.W.2d 698
In re APPORTIONMENT OF THE ONTONAGON COUNTY BOARD OF SUPERVISORS  1967.
Docket No. 3,714.
Michigan Court of Appeals.
Statute and plan declared unconstitutional February 19, 1968.
Statute and plan declared constitutional April 30, 1968.
Messner & LaBine, for plaintiff, Carp Lake Township.
Allen R. Briggs, Ontonagon County Prosecuting Attorney, for defendants.
Amici Curiae:
Frank J. Kelley, Attorney General, and Robert A. Derengoski, Solicitor General, for the Attorney General.
Rothe, Marston, Mazey, Sachs & O'Connell, for Michigan State AFL-CIO.
*350 Tom Downs, for Marvin R. Stempien, former chairman of apportionment committee of State house of representatives.
Charles A. Larnard, for Michigan State Association of Supervisors.
Vander Veen, Freihofer & Cook, for Kent County.
Statute and plan declared unconstitutional February 19, 1968. See 9 Mich App 349.
Provision of State Constitution allocating 1 member of county board of supervisors to each township declared unconstitutional.
ON REHEARING.
PER CURIAM:
On the basis of the decision of the United States Supreme Court in Avery v. Midland County (1968), 390 US 474 (88 S Ct 1114, 20 L Ed 2d 45), the majority opinion of this Court in this case reported at 9 Mich App 349 is reversed and Const 1963, art 7, § 7, is declared unconstitutional under the Constitution of the United States as interpreted by Avery.
A review of the mandatory guidelines prescribed by PA 1966, No 261, § 4(a) through (h) (CL 1948, § 46.404 [Stat Ann 1968 Cum Supp § 5.359(4)]), convinces us that they meet Federal standards of apportionment and that they are reasonable and proper. We so hold.
A review of the apportionment plan adopted and filed by the board of supervisors of Ontonagon county convinces us that it meets the requirements of PA 1966, No 261,[*] and we so hold.
T.G. KAVANAGH, P.J., and J.H. GILLIS and QUINN, JJ., concurred.
NOTES
[*] See MCLA § 46.401 et seq. (Stat Ann 1968 Cum Supp § 5.359[1] et seq.).  REPORTER.