O'CONNOR *v.* ECKARDT

1. COUNTIES—APPORTIONMENT—ADMINISTRATIVE FUNCTION.

Apportionment of counties is an administrative function and it should remain an administrative function with the least possible interference from the judiciary.

2. COUNTIES—APPORTIONMENT—JUDICIAL FUNCTION.

The judicial function with respect to a county apportionment plan is specifically limited to review by the Court of Appeals to determine if the apportionment plan meets the requirements of state law (MCLA § 46.406).

3. COUNTIES—APPORTIONMENT—JUDICIAL REVIEW.

The validity as well as the constitutionality of county apportionment plans are to be tested by review in the Court of Appeals.

4. QUO WARRANTO—CIRCUIT COURTS—COURT OF APPEALS.

A writ of *quo warranto* is a matter of grace and should not be issued by a circuit court where the determinative issue must be decided by the Court of Appeals in the first instance (GCR 1963, 715.1[1]).

5. COUNTIES—APPORTIONMENT—JUDICIAL NOTICE—CENSUS.

The Court of Appeals may take judicial notice that the Federal decennial census is being taken at the time it decides a case on county apportionment, and refuse to review constitutionality of current apportionment plans when a new plan will have to be drafted within a few months using the new census.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur 2d, Elections §§ 17, 19, 25, 29, 31.
[2, 3] 25 Am Jur 2d, Elections §§ 32–38.
    26 Am Jur 2d, Elections § 370.
[4] 25 Am Jur 2d, Elections § 127.
    26 Am Jur 2d, Elections §§ 305, 316, 323, 357.
[5] 25 Am Jur 2d, Elections §§ 13, 15, 22.
[6] 25 Am Jur 2d, Elections §§ 12, 37, 55.

6. COUNTIES—APPORTIONMENT—RETROACTIVITY.

   A county commissioner apportionment plan adopted two days
   before the act which authorized its adoption became effective
   may properly be held to be valid retroactively under that
   act (PA 1968, No 153).

Appeal from Barry, Chester J. Byrns, J. Submitted Division 3 April 3, 1970, at Lansing. (Docket No. 8,662.) Decided April 9, 1970.

Complaint by Jack W. O'Connor against Victor Eckardt and others in *quo warranto* attacking the validity of the 1968 general election of county commissioners in Barry County. Judgment for plaintiff. Defendants appeal. Reversed.

*Morse & Kleiner,* for plaintiff.

*David A. Dimmers,* and *Hoffman & Hoffman,* for defendants.

Before: QUINN, P. J., and McGREGOR and DANHOF, JJ.

QUINN, P. J. PA 1966, No 261, MCLA § 46.401 *et seq.* (Stat Ann 1968 Cum Supp § 5.359[1] *et seq.*) established the procedure for apportioning counties in conformity with the "one man-one vote" principle and for the election of supervisors thereunder. The act became effective March 10, 1967. Pursuant thereto and on April 4, 1967, the Barry County board of supervisors filed its apportionment plan with the county clerk (this plan will be referred to as plan no. 1). Plaintiff was then a member of the Barry County board. The plan was never reviewed as provided in MCLA § 46.406 (Stat Ann 1970 Cum Supp § 5.359[6]), and no election was ever held under it.

April 10, 1967, the Michigan Supreme Court gave its advisory opinion that act 261 violated Const 1963, art 7, § 7, and was unconstitutional, *Advisory Opinion re Constitutionality of PA 1966, No 261* (1967), 379 Mich 55. February 19, 1968, the Court of Appeals held that act 261 was unconstitutional, *In re Apportionment of the Ontonagon County Board of Supervisors—1967* (1968), 9 Mich App 349. This decision was reversed April 30, 1968 by the Court of Appeals in *In re Apportionment of the Ontonagon County Board of Supervisors—1967 (On Rehearing,* 1968), 11 Mich App 348, for the reason that the decision of the United States Supreme Court in *Avery* v. *Midland County* (1968), 390 US 474 (88 S Ct 1114; 20 L Ed 2d 45) under date of April 1, 1968 made it apparent that Const 1963, art 7, § 7, relied on in 9 Mich App 349, was unconstitutional as violative of US Const, Am 14. By revised advisory opinion dated May 8, 1968, the Michigan Supreme Court found Const 1963, art 7, § 7, unconstitutional for the same reason, *Advisory Opinion re Constitutionality of PA 1966, No 261* (1968), 380 Mich 736.

May 14, 1968, the Barry County board adopted another apportionment plan and filed it with the county clerk (this plan will be referred to as plan no. 2). Plaintiff was a member of this board.

PA 1968, No 153, MCLA 1969 Cum Supp § 46.401 *et seq.* (Stat Ann 1970 Cum Supp § 5.359[1] *et seq.*) became effective June 13, 1968. It amended act 261 and represents a legislative effort to clarify the confused state of county apportionment in time for the impending state-wide primary election of commissioners. June 11, 1968, the Barry County board adopted and filed with the county clerk a third plan for apportionment (this plan will be referred to as

plan no. 3). Plaintiff was still a member of the board when this occurred.

Plan no. 3 was never reviewed as provided by MCLA § 46.406, and it applied at the 1968 primary election of Barry County commissioners. Plaintiff was a successful candidate at that primary election, but he was defeated in the general election in November of that year. January 16, 1969, plaintiff filed his complaint in *quo warranto* attacking the validity of the 1968 general election of commissioners in Barry County on the basis that plan no. 1 was the only valid apportionment plan. Plaintiff also requested declaratory relief in the form of requiring that the 1970 elections be held under plan no. 1.

By judgment dated November 18, 1969, the trial court held that plan no. 1 was the only valid apportionment plan and that the supervisor elections of July and November 1968, conducted under plan no. 3, were conducted under a plan adopted without legal authority. Nevertheless, for sound reasons of public policy, the trial court refused to disturb the results of those elections. The judgment did order that the election of commissioners in 1970 be held under plan no. 1.

The term *sui generis* most aptly characterizes this litigation. We view the case as the only one of its kind, and we decide it as such. The confusion and uncertainty out of which it grew are inconceivable in the future. The case should and will be decided on broad principles rather than technicalities. Apportionment is an administrative function and it should remain an administrative function with the least possible interference from the judiciary. The people recognized and adopted this principle in Const 1963, art 4, § 6. The legislature recognized and adopted it by enacting PA 1966, No 261 and

the amendments thereto. We propose to abide by it in this decision.

The judicial function in legislative apportionment is specifically limited by Const 1963, art 4, § 6. In county apportionment, that function is specifically limited by MCLA § 46.406 (Stat Ann 1970 Cum Supp § 5.359[6]). The latter section provides for review by the Court of Appeals and limits review "to determine if the plan meets the requirements of the laws of this state." This language covers the procedural aspects of adopting a plan of apportionment as well as its constitutionality under the guidelines of MCLA § 46.404 (Stat Ann 1970 Cum Supp § 5.359[4]). The conclusion is that the validity as well as the constitutionality of apportionment plans are to be tested by review in the Court of Appeals.

*Quo warranto* at the instance of a private party is a matter of grace. MCLA § 600.4501 (Stat Ann 1962 Rev § 27A.4501), GCR 1963, 715.2(4). The writ should not be issued by a circuit court in a case such as this where the determinative issue must be decided by the Court of Appeals in the first instance.

Normally, we would end here and reverse the trial court, but two factors preclude such action. First is the imminence of the 1970 elections, and second is the fact that our order to show cause of March 9, 1970 indicated that we would review the three plans involved.

MCLA 1970 Cum Supp § 46.401 (Stat Ann 1970 Cum Supp § 5.359[1]) requires apportionment within 60 days after publication of the latest United States official decennial census figures. We take judicial notice of the fact that the 1970 decennial census is presently being taken. If we reviewed the three plans before us and determined that none

of them was constitutional, the apportionment commission of Barry County would be required to draft a new plan on the basis of the 1960 census figures. Within a few months, the section of the statute above cited requires that the commission do this very act with the 1970 census figures. A cursory examination of the three plans indicates a strong probability that none is constitutional, and to avoid the impractical result that would occur on a finding of unconstitutionality, we decline review as to constitutionality.

The only procedural impediment to the validity of plan no. 3 is the fact that it was adopted two days before the act which authorized its adoption became effective. On the reasoning expressed in *Hansen-Snyder Company* v. *General Motors Corporation* (1963), 371 Mich 480, and reiterated in *Ballog* v. *Knight Newspapers, Inc.* (1969), 381 Mich 527, we may properly hold retroactive to the extent necessary to validate plan no. 3, PA 1968, No 153, MCLA 1970 Cum Supp § 46.401 *et seq.* (Stat Ann 1970 Cum Supp § 5.359[1] *et seq.*). It is our view that plan no. 3 should apply to the 1970 election of commissioners in Barry County.

Reversed with costs to defendants.

All concurred.