FARNHAM *v.* APPORTIONMENT COMMITTEE
OF OAKLAND COUNTY.

APPEAL AND ERROR—REVIEW—APPORTIONMENT—LEGISLATIVE GUIDE-
LINES—QUESTIONS PRESENTED.

> Courts will not determine whether an apportionment plan pre-
> sented by a plaintiff is preferable to an apportionment plan
> adopted by a majority of a county apportionment com-
> mission where the only question presented is whether the
> commission's plan violates legislative guidelines, and it is
> determined that the commission's plan does not violate the
> guidelines.

Appeal from Court of Appeals, Division 3, Fitz-
gerald, P. J., and R. B. Burns and Holbrook, JJ.,
denying petition for review of the Apportionment
Committee of Oakland County. Submitted March
11, 1970. (Calendar No. 23, Docket No. 52,078.)
Decided April 13, 1970.

Petition in the Court of Appeals by Joseph R.
Farnham to review a reapportionment plan by the
Apportionment Committee of Oakland County. Pe-
tition dismissed. Application for rehearing granted.
Petition for review dismissed. Application for leave
to appeal to the Supreme Court granted. Applica-
tion of city of Troy and Peter Taucher for leave
to intervene granted. Affirmed.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error §§ 723, 726.

*Charles J. Porter* and *John N. O'Brien,* for plaintiffs.

*George A. Googasian* and *Rothe, Marston, Mazey, Sachs & O'Connell,* for defendant.

PER CURIAM. Appellants and appellee agree on the following statement of facts:

"Act No 261, PA 1966 (CL 1948, § 46.401 *et seq.* [Stat Ann 1968 Cum Supp § 5.359[1] *et seq.*]) became effective March 10, 1967. The purpose of that act was set forth in its entitlement 'An Act to provide for the apportionment of county boards of supervisors; to prescribe the size; to prescribe the manner of election of the members of the county board of supervisors; and to repeal certain acts and parts of act.' Stat Ann Vol 3, 1968 Cum Supp pp 55–56. Thereafter, in compliance with the provisions of the act an apportionment committee was organized in Oakland county, Michigan, and undertook the task of submitting a reapportionment plan by May 15, 1967, the date established in section 1 of the act. On May 12, 1967, the Oakland County Apportionment Commission filed a plan which was signed by four of the five members and acknowledged as to form by the fifth member, Joseph R. Farnham, the appellant in this case. Prior to the date of the filing of this plan, the Supreme Court of Michigan had held in the case of *Advisory Opinion Re Constitutionality of PA 1966, No 261,* 379 Mich 55, that act no 261 was unconstitutional in that it was in direct conflict with Article 7, Section 7 of the Constitution of 1963.

"Appellant Joseph R. Farnham, the only republican member of the Oakland County Apportionment Commission, filed a petition to review the Commission's plan with the Court of Appeals on June 12, 1967, pursuant to section 6 of act 261, which authorized judicial review of reapportionment plans. On

February 19, 1968, the Court of Appeals released its opinion in the case of *In Re Apportionment of The Ontonagon County Board of Supervisors* (1967), 9 Mich App 349, thereby declaring to be unconstitutional and of no effect the reapportionment plan adopted in Ontonagon county pursuant to the provisions of Act 261, PA 1966. Subsequently on March 8, 1968, with respect to appellant's petition for review, the Court of Appeals issued its order stating 'It is ordered that the petition be, and the same is hereby dismissed on the merits for the reason that this court has held PA No 261 (1966) unconstitutional and of no effect.'

"On April 1, 1968, the United States Supreme Court rendered its opinion in *Avery* v. *Midland County* (1968), 390 US 468 (88 S Ct 1114, 20 L Ed 2d 45), thereby extending the principle of one man-one vote to units of local government having general governmental powers over entire geographic areas. The Supreme Court of Michigan thereupon reconsidered its prior decision in *Advisory Opinion Re Constitutionality of PA 1966, No 261,* 379 Mich 55, and issued a new opinion, 380 Mich 736. The case summary recited at page 738 of 380 Mich succinctly details the history of the case and the Court's action upon reconsideration:

" 'Request by Governor George Romney for advisory opinion as to constitutionality of PA 1966, No 261. Statute declared unconstitutional. Submitted January 4, 1967. (Calendar No 10, Docket No 51,585.) Reconsidered following a decision of the Supreme Court of the United States. Statute declared constitutional and provision in State Constitution declared invalid May 8, 1968.'

"The Michigan Court of Appeals had likewise reconsidered its opinion in the *Ontonagon* case in light of the United States Supreme Court decision in *Avery, supra,* and by an order dated April 11, 1968, reversed itself and declared Article 7, Section 7 of the Constitution of 1963 unconstitutional and Act No 261, PA 1966, constitutional. In the same

order the Court of Appeals granted a rehearing in the Oakland county case. Subsequently the Court of Appeals issued its order dated May 29, 1968, dismissing appellant's petition for review on the merits '* * * for reason that plaintiff has failed to establish that the plan as filed does not substantially comply with PA 1966, 261.'

"On June 19, 1968, appellant filed his application for leave to appeal with the Michigan Supreme Court. Leave to appeal was granted by an order of the Court dated August 12, 1968."

Appellant presents the question: "Whether the apportionment plan adopted by a majority of the apportionment commission of Oakland county violates the legislative guidelines of Act 261, PA 1966?"

The question presented does not call for a determination as to whether the plan submitted by appellant is preferable to the plan adopted by the Apportionment Commission, but only whether the Commission plan violated legal requirements.

We answer "no" to appellant's question and affirm the Court of Appeals' order dismissing plaintiff's petition for review. No costs, a public question being involved.

T. E. Brennan, C. J., and Dethmers, Kelly, Black, T. M. Kavanagh, Adams, and T. G. Kavanagh, JJ., concurred.