## SWIFT v. DODSON.

1. STATUTES—CONSTRUCTION—PROSPECTIVE OPERATION.
   Generally, statutes are prospective in operation except where a contrary intent of the legislature clearly appears from the context of the statute itself.

2. SAME—CONSTRUCTION—REMEDIAL STATUTE—RETROSPECTIVE OPERATION.
   A remedial statute, that is, one which changes a rule of practice

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5] 50 Am Jur, Statutes §§ 60, 475, 476.
[3] 50 Am Jur, Statutes § 405.
[4] 50 Am Jur, Statutes § 405; 30 Am Jur, Interest § 24.

or pertains solely to a rule of procedure for effectuating existing rights, generally operates retrospectively.

**3. SAME—REMEDIAL STATUTE IN DEROGATION OF COMMON LAW—STRICT CONSTRUCTION.**

A remedial statute in derogation of the common law must be strictly construed.

**4. JUDGMENT—INTEREST.**

Interest on a judgment is purely statutory, and, being in derogation of the common law, cannot be extended beyond stated statutory regulation.

**5. SAME—INTEREST—STATUTORY AMENDMENT—PROSPECTIVE OPERATION.**

Amendment to statute by which interest on judgment is allowed from date of filing complaint *held*, to have prospective operation, where no contrary legislative intent appears (CLS 1961, § 600.6013, as amended by PA 1965, No 240).

Appeal from Genesee; Papp (Elza H.), J. Submitted Division 2 December 9, 1966, at Lansing. (Docket No. 1,839.) Decided April 13, 1967.

Complaint by Thelma D. Swift against Wayne W. Dodson and Bernice Dodson for personal injuries received in automobile accident. Verdict and judgment for plaintiff. On motion of plaintiff, interest added on judgment from date of filing complaint. Defendants appeal from order adding interest. Reversed.

*Howard C. Fisher,* for plaintiff.

*Gault, Davison & Bowers,* for defendants.

T. G. KAVANAGH, P. J. Plaintiff filed her complaint for personal injury on May 14, 1963. The cause was tried to a jury which returned a verdict for plaintiff in the amount of $7,500. Judgment was entered on November 19, 1965. Plaintiff then filed a motion asking that the court assess interest on the judgment

from the date the suit commenced until payment in accordance with CLS 1961, § 600.6013, as amended by PA 1965, No 240 (Stat Ann 1965 Cum Supp § 27A.-6013), which became effective on July 21, 1965, and reads:

"Execution may be levied for interest on any money judgment recovered in a civil action, such interest to be calculated from the date of filing the complaint at the rate of 5% per year unless the judgment is rendered on a written instrument having a higher rate of interest in which case interest shall be computed at the rate specified in the instrument if such rate was legal at the time the instrument was executed. In no case shall the rate exceed 7% per year after the date judgment is entered. In the discretion of the judge, if a bona fide written offer of settlement in a civil action based on tort is made by the party against whom the judgment is subsequently rendered and the offer of settlement is substantially identical or substantially more favorable to the prevailing party than the judgment, then no interest shall be allowed beyond the date the written offer of settlement is made."

The former statute, CLS 1961, § 600.6013 (Stat Ann 1962 Rev § 27A.6013), differed from the amended statute in two respects. First, interest was to be calculated from the date of judgment rather than from the date of filing the complaint. Second, there was no provision whatever regarding disallowance of interest in the event of a written offer of settlement.

Defendants paid the amount of the judgment and costs, and the trial court entered an order that such payment constituted satisfaction of the judgment and costs except for plaintiff's claim for interest. Defendants contended that interest should be determined in accordance with the former statute. The court granted plaintiff's motion and assessed inter-

est from May 14, 1963, the date the complaint was
filed, which sum amounted to $954.16. Defendants'
motion for rehearing was denied and they appeal.

The sole question before us is whether this interest
statute, as amended, is retroactive as to suits com-
menced prior to July 21, 1965, so that the trial court's
allowance of interest from May 14, 1963, was
proper.

The general rule in this State is that all statutes
are prospective except where a contrary intent of
the legislature clearly appears from the context of
the statute itself. See *Briggs* v. *Campbell, Wyant &
Cannon Foundry Company* (1966), 2 Mich App 204;
*Bullinger v. Gremore* (1955), 343 Mich 516; *In re
Davis' Estate* (1951), 330 Mich 647.

In *Hansen-Snyder Company* v. *General Motors
Corporation* (1963), 371 Mich 480, the Supreme
Court of Michigan recognized an exception to this
general rule when the statute involved was a "reme-
dial" statute. The Court said that a statute is reme-
dial in nature if it merely changes a rule of practice
or if it pertains solely to the *procedure* for effectuat-
ing rights which already exist.

We are not concerned here with interest included
as an element of damages as approved by a majority
of the Court in *Currie* v. *Fiting* (1965), 375 Mich 440.

We are here concerned only with interest on a
judgment. This is purely statutory. See *Motyka* v.
*Detroit, Grand Haven & Milwaukee R. Co.* (1932),
260 Mich 396, wherein the Court said, (p 398):

"Interest upon verdicts and judgments is purely
statutory, and, being in derogation of the common
law, cannot be extended beyond stated statutory reg-
ulation."

Also, as pointed out in *Holland* v. *Eaton* (1964),
373 Mich 34, at 39, citing *In re Appeal of Black*, 83
Mich 513, "and the statute [in derogation of a com-

mon-law rule] though remedial, must be strictly construed."

Thus we view the amendment changing the date for the computation of interest as either creating a new right or enlarging one previously granted in derogation of the common law and accord it prospective application only since no contrary legislative intent appears from the statute.

Reversed. Costs to appellant.

J. H. Gillis and McGregor, JJ., concurred.