BALLOG v. KNIGHT NEWSPAPERS, INC.

JUDGMENT—INTEREST—STATUTORY AMENDMENT.

> Amendment to statute by which interest on judgment is allowed from date of filing complaint *held*, not to have application to case where complaint was filed before the effective date of the amendment (CLS 1961, § 600.6013, as amended by PA 1965, No 240).

Appeal from Wayne; Burdick (Benjamin D.), J. Submitted Division 1 April 7, 1967, at Detroit. (Docket No. 2,246.) Decided June 27, 1967. Rehearing denied August 11, 1967. Leave to appeal granted October 18, 1967. See 379 Mich 785, 381 Mich 527.

Complaint by Richard Ballog, by Joseph Ballog, his next friend, against Knight Newspapers, Inc., an Ohio corporation, for personal injuries received when he was struck by a roll of paper which fell from a truck operated by defendant's employee. Verdict and judgment for plaintiff. Award of interest from date of filing complaint denied by trial court. Plaintiff apeals. Affirmed.

*Zeff & Zeff*, for plaintiff.

*Vandeveer, Haggerty, Doelle, Garzia, Tonkin & Kerr*, for defendant.

*Fergus Markle*, for *amicus curiae* Michigan Chapter of American Trial Lawyers Association.

---

REFERENCES FOR POINTS IN HEADNOTE
30 Am Jur, Interest §§ 24, 25, 38.

J. H. GILLIS, J. Plaintiff, by his next friend, brought an action to recover damages for personal injuries suffered when he was struck by a 1,600-pound roll of paper which fell from a truck operated by defendant's employee. The jury returned a verdict of $50,000 for the plaintiff. The trial court refused to allow 5% interest to be added to the award from the date of the filing of the complaint on February 3, 1965, and up to the verdict on December 1, 1965.

The sole issue presented for our determination is whether the trial court erred in refusing to add 5% interest on the judgment from the date the complaint was filed until the entry of judgment as provided by CLS 1961, § 600.6013, as amended by PA 1965, No 240 (Stat Ann 1965 Cum Supp § 27A.6013), which became effective on July 21, 1965. The pertinent portion of the statute reads as follows:

"Execution may be levied for interest on any money judgment recovered in a civil action, such interest to be calculated from the date of filing the complaint at the rate of 5% per year unless the judgment is rendered on a written instrument having a higher rate of interest in which case interest shall be computed at the rate specified in the instrument if such rate was legal at the time the instrument was executed. In no case shall the rate exceed 7% per year after the date judgment is entered. In the discretion of the judge, if a bona fide written offer of settlement in a civil action based on tort is made by the party against whom the judgment is subsequently rendered and the offer of settlement is substantially identical or substantially more favorable to the prevailing party than the judgment, then no interest shall be allowed beyond the date the written offer of settlement is made."

The issue in this case was recently decided by this Court in *Swift* v. *Dodson* (1967), 6 Mich App 480,

which we deem controlling. Based on the reasoning set forth in *Swift* v. *Dodson*, we hold that the trial court correctly refused to add 5% interest on the judgment from the date of filing of the complaint up to the date of the entry of judgment.

Affirmed. Costs to appellee.

LESINSKI, C. J., and FITZGERALD, J., concurred.