DAVIS *v.* HOWARD

1. Judgment—Interest—Statutes.

Statutory provision that execution may be levied for interest on any money judgment in a civil action, such interest to be calculated from the date of filing the complaint, *held*, a means of legislative intent that interest was collectible in civil actions and not that interest be levied only where it is necessary to levy execution (CLS 1961, § 600.6013).

2. Same—Interest—Money Judgment—Date of Filing Complaint —Offer of Settlement.

Statute providing for interest on any money judgment to be calculated from date of filing complaint but if bona fide offer of settlement in civil action based on tort is made by party against whom the judgment is subsequently rendered and the offer of settlement is substantially identical or more favorable to the prevailing party than the judgment, then no interest is allowed beyond the date of written offer of settlement *held*, to promote public policy of expediting and settling tort claims.

Appeal from Muskegon, Piercey (John H.), J. Submitted Division 3, November 13, 1968, at Grand Rapids. (Docket No. 4,650.) Decided November 27, 1968. Leave to appeal denied May 20, 1969. 382 Mich 754.

Complaint by David F. Davis and Anna D. Davis against Harold A. Howard and Ronald Dale Andringa, to recover for personal injuries sustained in

Reference for Points in Headnotes
[1, 2] 30 Am Jur, Interest § 24.

an automobile accident. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Cholette, Perkins & Buchanan (Sherman H. Cone,* of counsel), for defendants.

PER CURIAM. This appeal concerns solely the interest on a $50,000 judgment plaintiff obtained in a negligence action against defendant. Defendant does not contest the verdict, but does contest the applicability of CLS 1961, § 600.6013 (Stat Ann 1962 Rev § 27A.6013). The statute reads (as in effect July 30, 1965, the day plaintiffs' complaint was filed) :*

*"Execution may be levied for interest* on any money judgment recovered in a civil action, such interest to be calculated from the date of filing the complaint at the rate of 5% per year unless the judgment is rendered on a written instrument having a higher rate of interest in which case interest shall be computed at the rate specified in the instrument if such rate was legal at the time the instrument was executed. In no case shall the rate exceed 7% per year." (Emphasis supplied.)

The trial court substituted for its original a second judgment allowing the disputed interest (an amount of $5,701) for the period July 30, 1965, when plaintiffs' complaint was filed, to October 6, 1967, when the jury returned its verdict.

1. It is defendants' contention that the plain meaning of the language "execution may be levied for interest on any money judgment in a civil action, such interest to be calculated from the date of filing the complaint" is that interest may be levied only

---

* Now PA 1966, No 276 (CLS 1961, § 600.6013 [Stat Ann 1968 Cum Supp § 27A.6013]), effective July 12, 1966.

in those instances where it is necessary to levy execution.

The trial court held that this language was merely a means of expressing the legislative intent that interest was collectible in civil actions. We have reached a similar conclusion. See *Swift* v. *Dodson* (1967), 6 Mich App 480. Furthermore, a comparison of the statutory language before and after amendment does not provide an inference that the earlier language was limited in application to cases in which execution was levied. The amending language merely served to clarify the statute.

2. Defendant claims the statute in question is unconstitutional because it imposes a penalty under the guise of interest which is violative of the due process and equal protection clauses of both the Federal and State Constitutions.

A claimant who establishes his cause of action is a creditor of the defendant as of the day the complaint was filed in calculating interest payable on the verdict. "Interest is a matter of statutory origin, and not a development of the common law * * * the legislature has the widest powers on the subject, and the will of the legislature controls except insofar as limitations are placed on this power by the organic law." 47 CJS, Interest, § 5, p 17. The statute in question promotes a public policy of great importance—the expedition and settlement of tort claims. The provision in the statute relating to cases in which bona fide offers of settlement have been made indicates the public policy for settlement of tort claims.

Affirmed. Costs to plaintiffs.

HOLBROOK, P. J., and T. G. KAVANAGH and MC-INTYRE, JJ., concurred.