## BALLOG *v.* KNIGHT NEWSPAPERS, INC.

1. JUDGMENT—INTEREST—FILING OF COMPLAINT—STATUTES.

    Statute regarding interest on money judgments in civil actions provides that interest is to be computed from date of filing of the complaint (CLS 1961, § 600.6013, as amended by PA 1965, No 240).

2. STATUTES — REMEDIES AND PROCEDURE — RETROSPECTIVE OPERATION — AMENDMENT.

    Statutes related to remedies or modes of procedure which do not create new or take away vested rights, but only operate in furtherance of a remedy or confirmation of rights already existing, will, in the absence of language clearly showing a contrary intention, be held to operate retrospectively and apply to all actions accrued, pending or future, there being no vested right to keep a statutory procedural law unchanged and free from amendment.

3. SAME—AMENDMENT—IMPLIED REPEAL.

    An amendatory act has a repealing force, by the mechanics of legislation, different from that of an independent statute, repugnancy not being an essential element of the implied repeal of specifically amended sections.

4. SAME—EFFECT OF AMENDMENT.

    The original or older form of a section of a statute ceases to exist upon amendment and the section, as amended, supersedes it and becomes a part of the statute for all intents and purposes as if the amendment had always been there.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 7–9] 30 Am Jur, Interest § 46 *et seq.*
[2] 50 Am Jur, Statutes § 475 *et seq.*
[3–5] 50 Am Jur, Statutes § 534 *et seq.*
[6] 50 Am Jur, Statutes § 220.

5. SAME—AMENDMENT—REPEAL—MATTERS CARRIED OVER.

The effect of an amendment to a specific section of an act is to strike the old section from the law, in the absence of a saving clause, obliterate it entirely, and substitute the new section in its place, and while provisions carried over are deemed continued rather than repealed and enacted anew, they have their force from the new act and not the old.

6. SAME—RULES OF CONSTRUCTION—PRESUMPTION OF KNOWLEDGE.

The legislature is presumed to know acknowledged and long-established rules of construction of statutes.

7. INTEREST—JUDGMENT—AMENDMENT OF STATUTE—INTENT.

It was not the intention of the legislature, in amending statute relating to interest on money judgments to make such interest computable from the date of filing of the complaint rather than from the date of judgment, that such amendment would work to deprive any litigant of interest on his judgment (CLS 1961, § 600.6013, as amended by PA 1965, No 240).

8. SAME—JUDGMENTS—SUBSTANCE—PROCEDURE.

Amendment to statute relating to interest on judgments which made interest computable from date of filing of complaint and provided that the running of such interest could, in discretion of trial judge, be cut off at the date of a written offer to settle the cause at an amount substantially identical to or more than the judgment ultimately rendered is procedural in nature since it calls for discretion in trial judge as to offer of settlement and contemplates levy of execution for interest and does not pertain to the granting of interest in a verdict or to any change in plaintiff's or defendant's rights in determining liability (CLS 1961, § 600.6013, as amended by PA 1965, No 240).

9. SAME—JUDGMENT—AMENDMENT OF STATUTE—RETROSPECTIVE APPLICATION.

Amendment to statute regarding interest on judgments, since it relates to remedies and modes of procedure, is to be applied retrospectively to all actions accrued, pending and future (CLS 1961, § 600.6013, as amended by PA 1965, No 240).

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and Fitzgerald and J. H. Gillis, JJ., reversing Wayne, Burdick (Benjamin D.), J.   Sub-

mitted May 7, 1968.   (Calendar No. 7, Docket No. 51,873.)   Decided February 3, 1969.

7 Mich App 273, reversed.

Complaint by Richard Ballog, by Joseph Ballog, his next friend, against Knight Newspapers, Inc., an Ohio corporation, for personal injuries sustained when he was struck by a roll of paper which fell from defendant's truck.   Verdict and judgment for plaintiff.   Award of interest from date of filing of complaint denied by trial court.   Affirmed by Court of Appeals.   Plaintiff appeals.   Reversed.

*Zeff & Zeff,* for plaintiff.

*Vandeveer, Doelle, Garzia, Tonkin & Kerr* (*Lee R. Franklin,* of counsel), for defendant.

Kelly, J.   On August 31, 1960, Richard Ballog, a minor, who was riding a bicycle, suffered severe personal injuries when struck by a 1,600-pound roll of paper falling from a truck operated by defendant's agent, servant, or employee.   Through his next friend he instituted suit in the Wayne circuit court on February 3, 1965.   Defendant filed an answer denying liability and damages.   These issues were contested before a jury with a verdict being returned in favor of plaintiff in the amount of $50,000, on December 1, 1965.

When plaintiff's complaint was filed, February 3, 1965, the statute (CLS 1961, § 600.6013; Stat Ann 1962 Rev § 27A.6013) which controlled the right to interest on a money judgment read:

"Execution may be levied for interest on any money judgment recovered in a civil action, such interest to be calculated from the date of judgment

at the rate of 5% per year unless the judgment is rendered on a written instrument having a higher rate of interest in which case interest shall be computed at the rate specified in the instrument if such rate was legal at the time the instrument was executed. In no case shall the rate exceed 7% per year."

This statute was amended and given immediate effect on July 21, 1965, by PA 1965, No 240, the amended statute reading as follows:

"Execution may be levied for interest on any money judgment recovered in a civil action, such interest to be calculated from the date of filing the complaint at the rate of 5% per year unless the judgment is rendered on a written instrument having a higher rate of interest in which case interest shall be computed at the rate specified in the instrument if such rate was legal at the time the instrument was executed. In no case shall the rate exceed 7% per year after the date judgment is entered. In the discretion of the judge, if a bona fide written offer of settlement in a civil action based on tort is made by the party against whom the judgment is subsequently rendered and the offer of settlement is substantially identical or substantially more favorable to the prevailing party than the judgment, then no interest shall be allowed beyond the date the written offer of settlement is made." (Amended portion underlined.)

Denying plaintiff's motion to award interest of 5% from the date of filing the complaint, as provided for in the amended statute, the trial court stated:

"This court does hereby determine that the amended statute in question be applied prospec-

tively only as to complaints filed on and after July 21, 1965, the effective date of the amended act,"

and the judgment (filed April 29, 1966) read:

"It is ordered and adjudged that the said plaintiff recover of the defendant the sum of $50,000 as and for damages herein together with costs of $697.50.

"It is further ordered and adjudged pursuant to a written opinion of this court of April 22, 1966 which is incorporated herein by reference that no interest be awarded."

In affirming the trial court, the Court of Appeals[1] relied upon their decision in *Swift* v. *Dodson* (1967), 6 Mich App 480, 484, wherein they said:

"We view the amendment changing the date for the computation of interest as either creating a new right or enlarging one previously granted in derogation of the common law and accord it prospective application only since no contrary legislative intent appears from the statute."

Quoting from appellant's brief:

"In the present case, certainly the legislature knew the difference between a judgment, a complaint, and a cause of action. It would have been a simple matter to word the amendment so that it applied only to causes of action arising subsequently to actions to which complaints were subsequently filed; or to actions commenced subsequently. The legislature chose to make the amendment applicable to *judgments* and not only was this within their power but there were sound reasons for their decision. * * *

"In the case of *Wilson* v. *Doehler-Jarvis* [1960], 358 Mich 510, at page 515, the Court said:

" 'In the *Fowler Case* [*Fowler* v. *Muskegon County* (1954), 340 Mich 522] we said that interest is

---

[1] *Ballog* v. *Knight Newspapers, Inc.* (1967), 7 Mich App 273.

purely statutory, yet the fact is that we have consistently allowed interest in many cases in which no express statute could be invoked.'   *   *   .*

"And in the very recent case of *Currie* v. *Fiting* [1965], 375 Mich 440, the court awarded interest from the date of death on the damages subsequently determined by the jury. In so doing the court commented on the justice of such an award. Justice should not be limited to future causes of action. We believe the cases quoted and cited establish a trend or policy in Michigan which was carried out by the legislature, and when the legislature spoke only of judgments and gave the statutes immediate effect we believe it could only have intended that such statutes would apply to all judgments entered thereafter."

Quoting appellee:

"The trial court in our case correctly held that the amended statute 'covers substantive rights and not procedural rights, and should be applied prospectively.'   *   *   *

"The right to interest generally, in a tort claim is a statutory, not a common-law right. Prior to the amendment here before the Court, it was not available until after a judgment was rendered. Thus the statutory change created a right in the plaintiff and a liability in the defendant which did not exist prior to July 21, 1965.

"However, this was not the full extent of the change wrought by the amendment. It created another right and another liability. It allows the defendant to avoid the new penalty of interest from the date of filing the complaint by making a bona fide written offer of settlement prior to the judgment which is 'substantially identical' to the subsequent judgment. At first blush this appears to mitigate the potential penalty applied by the first change. However, further scrutiny shows that this is not the complete answer.

"Where a jury trial is involved, this statutory pressure to make a settlement offer can dilute the defendant's constitutional right to have his liability determined by a jury. Prior to the amendment, settlements were encouraged by court and Court Rule (GCR 1963, 519). However, the failure to make a settlement offer inherent in a bona fide denial of liability carried with it no greater penalty than the damages determined to be the monetary compensation due by the jury when it found a breach of a legal duty chargeable to defendant. Prompt satisfaction of the judgment entered on the jury's verdict constituted full satisfaction of the liability. Now, a defendant whose liability has yet to be decided, must, as a result of this statute, relinquish his right to a jury trial if he wishes to avoid the new penalty of interest from the day of filing the complaint in *any* civil action where liability is in dispute. The settlement offer must be generous in order to 'second guess' the jury and thus to preclude payment of this interest. To thus circumscribe defendant's right to a jury trial and grant every plaintiff with an unliquidated claim a right to interest from the date of the filing of his complaint is to deal with substantive rights."

1. DID THE AMENDMENT RELATE TO REMEDIES OR MODES OF PROCEDURE, OR DID IT RELATE TO SUBSTANTIVE RIGHTS?

In *Hansen-Snyder Co.* v. *General Motors Corp.* (1963), 371 Mich 480, we held (syllabus 1):

"Statutes related to remedies or modes of procedure which do not create new or take away vested rights, but only operate in furtherance of a remedy or confirmation of rights already existing will, *in the absence of language clearly showing a contrary intention,* be held to operate retrospectively and apply to all actions accrued, pending or future, there being no vested right to keep a statutory procedural

law unchanged and free from amendment." (Emphasis ours.)

An analogy is presented in the allowance of costs and attorney fees. Under the heading "Statute relating to costs or attorneys' fees at commencement or at termination of action as controlling," 96 ALR 1428, 1429, we find the following:

"It is well settled that the question whether costs may be allowed in an action or suit, as well as the determination of the method of their computation, is governed by the law as it exists at the time of the judgment which terminates the action or suit, rather than by the law as it existed at the time when the action or suit was commenced,—where there is no provision in connection with the new legislation which clearly saves or excepts therefrom costs in pending actions."

The law in existence at the time costs are determined has, for a long period of time, been the rule in Michigan, as evidenced by *Sawyer* v. *Studley* (1843), Walk Ch (Mich) 153, where it is stated:

"It is the termination of the suit that entitles one party to recover costs against the other, and, consequently, the law then in existence, is the rule by which they are to be ascertained."

The question before us in this appeal was recently presented and decided by the supreme court of Rhode Island in *Foster* v. *Quigley* (1962), 94 RI 217 (179 A2d 494). Here, subsequent to the commencement of the action, the legislature changed the interest statute so as to provide that interest should run from the commencement of the action. The trial court refused to order the addition to the judgment of interest from the commencement of action, and in reversing the trial court, the supreme court stated (pp 218, 219):

"The plaintiff contends that the statute is intended to apply to any judgment entered upon a decision made or a verdict rendered after its enactment regardless of the date of the commencement of the action. The defendant argues that it is intended to operate only on actions that have been commenced since its enactment. To construe it otherwise, she claims, is to give it a retrospective operation contrary to the general rule that a statute is presumed to operate only prospectively unless a contrary intent is expressed or necessarily implied therein. The plaintiff concedes that such is the rule but contends that his construction of the statute does not violate it.

"We have recognized and applied that rule in appropriate cases. [Citing cases.] But the primary question for us to determine here is whether the instant case is an appropriate one for its application. Admittedly it would be if defendant's construction of the statute is correct. However, we are of the opinion that it is not. We think the language of the statute clearly indicates that the legislature was concerned solely with the time when the damages were ascertained by decision or verdict and not at all with reference to the commencement of the action.

"Interest on a judgment in an action of trespass or trespass on the case for damages to person or property is not of the substance of the right of action but exclusively an incident attached thereto by legislative fiat after such right has been adjudicated. The period for computation of such interest is in the same category. It is in essence analogous to costs concerning which it is said that 'a statute establishing costs and fixing court fees applies to pending cases equally with those arising after its enactment, unless a contrary purpose is expressed or fairly inferable from the words used.' 20 CJS, Costs, § 3, p 264.

"In consonance with this view it has been held by respectable authority that interest on a judg-

ment is ordinarily computed in accordance with the statute in effect at the time of its rendition rather than at the time the action accrued. [Citing cases.] Consistently with such view it has also been held that an incident thus attached by legislative fiat to a judgment could be changed at any time. *O'Brien* v. *Young* [1884], 95 NY 428.

"Here of course it is not a question of whether the legislature could make the provision for interest computable from the date of a writ commencing an action before the enactment of the statute but whether it intended to have its fiat thus applied. Its language readily responds to the time of decision or verdict. For this reason we construe the statute as intending to become operative in any case where a decision is made or verdict rendered after its enactment irrespective of the time when the action was commenced. Hence, the trial justice erred in refusing to order the addition to the judgment of interest from the date of the writ."

The *Foster* v. *Quigley* decision was cited and approved by the Rhode Island supreme court in the case of *Perri* v. *Wood* (1967), 103 RI 53 (234 A2d 663), with the further finding:

"By statutory provision to effect that in causes of action and actions for damages to person or property clerk of court shall add to amount awarded, if any, interest from date of filing of complaint, clerk of superior court was mandated to compute interest and include it in the judgment for plaintiff in automobile accident case, and in doing so, the clerk performed a ministerial act free of judicial intervention." (Syllabus 2 [A2d].)

2. DID THE AMENDED STATUTE TAKE THE PLACE OF, ELIMINATE, AND WIPE OUT THE PROVISION IN THE PREVIOUS STATUTE PROVIDING THAT INTEREST BE CALCULATED FROM THE DATE OF JUDGMENT?

Appellant asks and answers this question under the heading "Present Statute Only Statute Applicable," by stating:

"If the present act is not given effect then no statute concerning interest exists which can be applied to the present judgment.   *   *   *

"Certainly it was not the intent of the legislature that all persons with causes of action existing on July 21, 1965 which had not been reduced to judgment should be deprived of any interest. The fact that the legislature did not insert any saving clause in the amendment to provide that the provisions of the former statute would apply to pending cases indicates their intent that the new statute would apply to such pending cases."

Appellant cites *People* v. *Lowell* (1930), 250 Mich 349; *Rookledge* v. *Garwood* (1954), 340 Mich 444; and *Detroit Club* v. *State of Michigan* (1944), 309 Mich 721.

In *Rookledge* v. *Garwood, supra,* this Court, at pages 454 and 455, quoted with approval from *People* v. *Lowell,* as follows:

" 'An amendatory act has a repealing force, by the mechanics of legislation, different from that of an independent statute. Repugnancy is not the essential element of implied repeal of specifically amended sections. The rule is:

" ' "Where a section of a statute is amended, the original ceases to exist, and the section as amended supersedes it and becomes a part of the statute for all intents and purposes as if the amendments had always been there." 25 RCL, Statutes, § 159, p 907.
*   *   *

" 'Nevertheless, the old section is deemed stricken from the law, and the provisions carried over have their force from the new act, not from the former. 1 Lewis' Sutherland Statutory Construction (2d ed), § 237.

" 'It is plain from the authorities in this State and elsewhere that the effect of an act amending a specific section of a former act, in the absence of a saving clause, is to strike the former section from the law, obliterate it entirely and substitute the new section in its place. This effect is not an arbitrary rule adopted by the courts. It is the natural and logical effect of an amendment "to read as follows." It accomplishes precisely what the words import. Any other construction would do violence to the plain language of the legislature. * * *

" 'Nowhere in the act did the legislature, by words or in the manner provided by any rule of construction, express an intention to save the prosecution of former offenses. On the contrary, both by the natural meaning of the language used and in accordance with acknowledged and long-established rules with which it was presumably familiar, it affirmatively and appropriately expressed an intention to obliterate the amended section. A contrary conclusion is private speculation, not judicial construction.

" ' "The result may or may not be conformable to the actual intent of those who passed the latter statute. We can only ascertain the legal intent of the legislature, by the language which they have used, applied and expounded conformably to the settled and well known rules of construction." *Commonwealth* v. *Kimball* [1838], 21 Pick (38 Mass) 373, 376, 377.' "

The enacting paragraph of PA 1965, No 240, states:

"Section 1. Section 6013 of Act No 236 of the Public Acts of 1961, being section 600.6013 of the Compiled Laws of 1948, *is hereby amended to read as follows:*". (Emphasis ours.)

The difference between the rule of construction in determining legislative intent of an amended statute as distinguished from an independent statute and the presumption that the legislature has knowledge of this rule was set forth in *Detroit Club* v. *State of Michigan, supra,* where it was held that an amendatory act has a repealing force by the mechanics of legislation different than that of an independent statute, repugnancy not being an essential element of implied repeal of specifically amended sections; that where a section of a statute is amended, the original ceases to exist and the section as amended supersedes it and becomes a part of the statute for all intents and purposes as if the amendment had always been there; that the effect of an act amending a specific section of a former act, in the absence of a saving clause, is to strike the former section from the law, obliterate it entirely, and substitute the new section in its place; and that the legislature is presumed to know acknowledged and long-established rules of construction of statutes.

The *Rookledge* v. *Garwood* and *Detroit Club* v. *State of Michigan Cases* were cited in *Munson* v. *Vane-Stecker Co.* (1956), 347 Mich 377, where it was held (syllabi 1 and 2):

"Amendment of the workmen's compensation act, enabling an injured employee, his dependents or personal representatives to bring action to enforce liability of a third party claimed to be liable for damages notwithstanding the prior acceptance of compensation benefits or bringing of proceedings under the compensation act, is essentially remedial in character and is given a retroactive effect."

"An amendment of a statute that does not create a new right of action but merely limits a procedural defense applies to an action pending at the time the amendment is adopted, hence, motions to dismiss,

based on the statute as previously existing and as of the time the cause of action arose, were not well-founded."

CONCLUSION.

We agree with appellant's statement that:

"Certainly it was not the intent of the legislature that all persons with causes of action existing on July 21, 1965 which had not been reduced to judgment should be deprived of any interest."

The Court of Appeals' statement in the *Swift* v. *Dodson* case that, "we view the amendment changing the date for the computation of interest as either creating a new right or enlarging one previously granted," and appellee's statement that "the statutory change created a right in the plaintiff and a liability in the defendant which did not exist prior to July 21, 1965," disclose that they did not feel as though it was the legislative intent to take away from plaintiff rights to interest that he possessed previous to the amendment.

We have repeatedly held that in enacting legislation, the legislature is presumed to be acquainted with our statutory rules of construction, and reference to this presumption is commented upon in the above quotation from *Rookledge* v. *Garwood*.

If we apply the rules of construction referred to above to the trial court's and the Court of Appeals' decisions and agree with those decisions, will we be forced to conclude that plaintiff's rights to interest that existed previous to the amendment were diminished and taken away by the amendment? We cannot so conclude.

We do not agree with appellee's statement (quoted above) in regard to the amended statutory provision relating to the offering of "a bona fide written offer

of settlement." This provision is procedural in nature, calling for the exercise of discretion by the trial court and did not, as appellee claims "dilute the defendant's constitutional rights to have his liability determined by a jury."

The only question presented in this appeal is: What was the intent as the legislature enacted the provision: *"Execution may be levied* for interest on any money judgment recovered in a civil action." (Emphasis ours.) This does not pertain to the granting of interest as part of the verdict, or to any change in plaintiff's or defendant's rights in determining liability.

The statute does not refer to judicial action as the trial judge does not take part in levying an execution. It pertains to the ministerial act of the officer entrusted with the duty of issuing a levy to satisfy a judgment, plus costs and interest, and is procedural and prospective as it looks forward to the time when a writ of execution may be issued, after all judicial action has been completed. This issuance may never occur, as no levy on property of a judgment debtor is required, or can be properly made if he pays or satisfies a judgment, costs and interest, before a levy is accomplished. See 7 Callaghan's Michigan Pleading & Practice (2d ed), § 49.50, p 242.

We do not agree with the Court of Appeals' decision[2] that they "accord it [the amendment] prospecspective application only since no contrary legislative appears from the statute."

We conclude the amendment related to remedies and modes of procedure and repeat what we said in *Hansen-Snyder Co.* v. *General Motors Corp., supra,* that "in the absence of language clearly showing a contrary intention," we hold the amendment "be

---

[2] *Swift* v. *Dodson* (1967), 6 Mich App 480, 484.—REPORTER.

held to operate retrospectively and apply to all actions accrued, pending, or future."

Reversed and remanded. Costs to appellant.

T. E. Brennan, C. J., and Dethmers, Black, T. M. Kavanagh, and Adams, JJ., concurred.

T. G. Kavanagh, J., took no part in the decision of this case.