**Robert LYNCH, Plaintiff-Appellant,**

v.

**ELECTRO REFRACTORIES & ABRA-SIVES CORP., Defendant-Appellee.**

No. 18232.

United States Court of Appeals Sixth Circuit.

March 27, 1969.

Oscar W. Baker, Bay City, Mich., for appellant.

James L. O'Connell, Cincinnati, Ohio, for appellee, Lindhorst & Dreidame, Ambrose H. Lindhorst, Cincinnati, Ohio, on brief.

Before PHILLIPS and PECK, Circuit Judges, and HOGAN, District Judge.*

PER CURIAM.

Pursuant to jury verdict, judgment was entered in this diversity case in favor of the plaintiff-appellant by the District Court in the sum of $67,000. Interest was ordered only from the date of the judgment, and this gave rise to the sole issue presented by this appeal. That question is whether plaintiff-appellant is entitled to collect interest on his tort judgment from the date of entry thereof or from the date of the filing of the complaint.[1]

This question presents itself because of the amendment of the applicable Michigan statute governing interest on judg-

---

* Honorable Timothy S. Hogan, United States District Judge for the Southern District of Ohio, Western Division, sitting by designation.

1. The briefs and arguments of counsel contemplated a third alternative, namely, that the interest might run from the date of amendment of a Michigan statute, but for reasons hereinafter indicated that question is no longer pertinent.

ments. On the date on which the cause of action sued upon arose (June 3, 1959) and on the date of the commencement of the action in the District Court (March 28, 1962), the statute (M.S.A. 27A.6013) C.L.Mich.1948, § 600.6013 [P. A.1961, No. 236] provided for interest to be calculated from the date of judgment. However, by amendment effective July 21, 1965, it was provided that "such interest * * * be calculated from the date of filing the complaint."

At the time of the briefing and argument in this Court the precise question involved had been passed upon by the Michigan Court of Appeals in two cases: Swift v. Dodson, 6 Mich.App. 480, 149 N.W.2d 476 (1967) and Ballog v. Knight Newspapers, Inc., 7 Mich.App. 273, 151 N.W.2d 359 (1967). The determination made in *Swift,* from which no appeal was perfected, formed the precedent for *Ballog,* and both held that the statute in question must be given prospective application only and that no interest was therefore recoverable for any period prior to the date of judgment. An appeal was perfected in *Ballog* and at the time of the briefing and arguing here was pending in the Michigan Supreme Court. Appellant, stating that *"Decision by the Michigan Supreme Court in Ballog will determine for the State of Michigan the precise issue * * * now before this Court"* (Emphasis appellant's), suggested that our determination might well await a decision in *Ballog.* Appellee, while expressing confidence "that the Michigan Supreme Court will not disturb the rulings of the two appellate decisions" in *Swift* and *Ballog,* and while carefully refraining from conceding that a reversal in *Ballog* would be compelling upon us, does not dispute the identical character of the issue there and here.

Under date of February 3, 1969, the Supreme Court of Michigan filed its opinion in Ballog, 381 Mich. 527, 164 N. W.2d 19. Concluding that the amendment should be "held to operate retrospectively and apply to all actions accrued, pending or future," the court allowed interest from the date of the filing of the complaint.

This Court has previously held that "[i]n diversity cases, Federal courts follow state law on the question of interest before judgment. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477." Glens Falls Ins. Co. v. Danville Motors, Inc., 333 F.2d 187, 191 (6th Cir. 1964). See also Beaty v. Brock & Blevins Co., 319 F.2d 43 (6th Cir. 1963).

We accordingly here determine that interest should be allowed on the judgment recovered by plaintiff-appellant from the date of the filing of the complaint and the judgment of the District Court is reversed and the cause remanded with instructions to enter final judgment in accordance herewith.