BEROZA *v.* DON McCULLAGH LEASING, INC.

JUDGMENT—INTEREST—STATUTE—AMENDMENT.
> Amendment of statute by which interest on judgment is allowed from date of filing complaint applies to a case where the complaint was filed before the effective date of the amendment, but the trial was had after the effective date (CL 1961, § 600.6013, as amended by PA 1965, No 240).

Appeal from Muskegon, John H. Piercey, J. Submitted Division 3 January 9, 1969, at Grand Rapids. (Docket No. 5,702.) Decided April 22, 1969.

Complaint by Walter Beroza, Helen Beroza, and State Farm Mutual Automobile Insurance Company, a corporation, against Don McCullagh Leasing, Inc., a corporation, Margaret Mary Marks, and Perfect Plus Hosiery, Inc., a corporation, for personal injury and property damage. Verdict and judgment for plaintiffs. Award of interest from date of filing complaint denied by trial court. Plaintiffs appeal. Reversed and remanded.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley (Robert J. Van Leuven, of counsel)*, for plaintiffs on appeal.

*Smith, Haughey & Rice,* for defendants.

BEFORE: LEVIN, P. J., and HOLBROOK and DANHOF, JJ.

REFERENCE FOR POINTS IN HEADNOTE
30 Am Jur, Interest § 47.

PER CURIAM. This is a civil action for personal injury and property damage. On January 19, 1966, the jury returned a verdict against the defendants in favor of the plaintiffs. Plaintiffs presented a proposed judgment requiring the defendants to pay interest from the date of filing the complaint and the trial court took the claim for interest under advisement. On February 10, 1966, the defendants paid the plaintiffs the amount of the jury verdict plus plaintiffs' taxed costs, and plaintiffs filed a receipt in partial satisfaction. Thereafter the trial court filed an opinion denying plaintiffs' claim for interest and a judgment on the opinion was entered.

The complaint was filed May 19, 1964. PA 1965, No 240 amended RJA § 6013 (CLS 1961, § 600.6013 [Stat Ann 1962 Rev § 27A.6013]) to provide that interest would be calculated from the date of filing the complaint rather than from the date of judgment. The amendatory statute was effective July 21, 1965, *i.e.,* after the date of filing the complaint in this action but before the date of the jury's verdict.

In *Swift* v. *Dodson* (1967), 6 Mich App 480, and *Ballog* v. *Knight Newspapers, Inc.* (1967), 7 Mich App 273, our Court held that the amendatory statute did not apply to complaints filed prior to its effective date. On appeal to the Supreme Court of Michigan our Court's decision in *Ballog* v. *Knight Newspapers, Inc., supra,* was reversed. *Ballog* v. *Knight Newspapers, Inc.* (1969), 381 Mich 527. Accordingly, on the authority of the Michigan Supreme Court's decision in *Ballog* v. *Knight Newspapers, Inc., supra,* the judgment of the trial court is reversed and the cause is remanded to the trial court for modification of the judgment so as to allow interest from the date of filing the complaint.

Costs to appellants.