**GLICK**

v.

**WHITE MOTOR CO.**

and

**Rockwell Standard Co.**

**Civ. A. No. 40339.**

United States District Court,
E. D. Pennsylvania.

Sept. 24, 1970.

Richard Goodman, James Tuck, Detroit, Mich., Frank Roda, Lancaster, Pa., for plaintiff.

F. Hastings Griffin, Philadelphia, Pa., for White Motor Co.

Thomas E. Byrne, Jr., Philadelphia, Pa., for Rockwell.

## OPINION AND ORDER

MASTERSON, District Judge

In this diversity action plaintiff, a resident of Pennsylvania, sued the de-

**44**

fendants for injuries sustained in an accident which occurred in Pennsylvania allegedly caused by a defect in the truck of which plaintiff was the driver. Suit was brought on August 26, 1965, originally in the Federal District Court for the Eastern District of Michigan. On May 19, 1966 the case was transferred to this Court pursuant to 28 U.S.C. § 1404(a). The case was tried to a jury and the verdict was in the plaintiff's favor in the sum of $307,400.

Presently before the Court are the following post-trial motions:

(1) Plaintiff's motion under Rule 59(e) of the Federal Rules of Civil Procedure to amend the judgment to include interest from the day the suit was filed, August 26, 1965;

(2) Plaintiff's motion under Rule 59(e) to amend the judgment to include attorney's fees;

(3) Defendants' motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. For the reasons set out below we will grant, plaintiff's motion to amend the judgment to include interest, deny plaintiff's motion to amend the judgment to include attorney's fees and deny defendants' motion for judgment N.O.V. or in the alternative for a new trial.

## I. PLAINTIFF'S MOTION FOR PRE–JUDGMENT INTEREST.

Plaintiff's motion for pre-judgment interest is based on a Michigan statute which provides:

"Interest shall be allowed on any money judgment recovered in a civil action, such interest to be calculated from the date of filing the complaint at the rate of 5% per year unless the judgment is rendered on a written instrument having a higher rate of interest in which case interest shall be computed at the rate specified in the instrument if such rate was legal at

the time the instrument was executed. In no case shall the rate exceed 7% per year after the date judgment is entered. In the discretion of the judge, if a bona fide written offer of settlement in a civil action based on tort is made by the party against whom the judgment is subsequently rendered and the offer of settlement is substantially more favorable to the prevailing party than the judgment, then no interest shall be allowed beyond the date the written offer of settlement is made." Mich. Compiled Laws Annotated § 600.6013.

Under Pennsylvania law, plaintiff would only be entitled to interest from the date of judgment. 12 Purdon's Pennsylvania Statutes § 781. In order to grant plaintiff's motion for interest under the Michigan statute we must find: (1) that the motion is timely and (2) that Michigan law and not Pennsylvania law on the question of interest on a judgment applies.

Defendants contend that plaintiff's motions to amend the judgment are not timely. Rule 59(e) of the Federal Rules provide that a motion to alter or amend a judgment must be served within 10 days after entry of judgment. Since plaintiff's motions were served 28 days after entry of judgment we are urged to deny them as untimely.

 With respect to the timeliness of plaintiff's motion to add pre-judgment interest, it is clear that if such a motion is made under Rule 59(e) it is not timely made in this case. Spurgeon v. Delta Steamship Lines, 387 F.2d 358 (2d Cir.1967); Gray v. Dukedom Bank, 216 F.2d 108 (6th Cir.1954). The 10 day limitation of Rule 59(e) cannot be extended by the Court under Rule 6(b) and the fact that defendants have timely moved for a new trial cannot be viewed as extending this time.[1] However, a motion to add pre-judgment interest is not necessarily made under Rule 59(e).

1. Admittedly, a timely motion for a new trial suspends the finality of a judgment. However, this is only for purposes of appeal and cannot be construed as extending the time limits of other rules which depend on the date of entry of judgment.

It may be made under Rule 60(a) which provides that "clerical mistakes" in a judgment may be corrected "at any time". If the instant motion is in fact a Rule 60(a) motion and not a Rule 59(e) motion, it is timely.

■ Whether this motion is made under Rule 59(e) or 60(a) depends on whether the pre-judgment interest plaintiff seeks is a matter of right or merely discretionary with the Court. If discretionary, it is a Rule 59(e) motion, Gilroy v. Erie-Lackawanna R.R., 44 F.R.D. 3 (E.D.N.Y.1968) and if a matter of right it is a Rule 60(a) motion. Merry Queen Transfer Corp. v. O'Rourke, 266 F.Supp. 605 (E.D.N.Y.1967). We conclude that the pre-judgment interest plaintiff seeks would, assuming we decide to apply the Michigan statute, be a matter of right. The language of the statute is plain—"shall be allowed" not "may be allowed". In a similar case it was held that a similarly worded statute allowed interest as a matter of right. Merry Queen Transfer Corp. v. O'Rourke, *supra.* Accordingly, we conclude that plaintiff's motion is made under Rule 60(a) not 59(e) and as such is timely.[2] We now turn to the conflicts of law question whether Michigan or Pennsylvania law applies to issue of interest on the verdict in this case. We have concluded that we must apply Michigan law and therefore plaintiff's motion to include interest from August 26, 1965 must be granted.

■ Under Van Dusen v. Barrack, 376 U.S. 612, 613, 84 S.Ct. 805, 11 L. Ed.2d 945 (1964) when a case is transferred from one District to another under 28 U.S.C. § 1404(a), the transferee district court sits in effect as the transferor district court. As a District Court of the Eastern District of Michigan, we must apply the conflict of laws principles of the state in which we sit. Klax-

on v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Thus, whether Michigan or Pennsylvania law applies in this case depends on Michigan conflicts of law.

We have found no decision in Michigan directly on point, that is, deciding whether to apply the Michigan pre-judgment interest statute or foreign law allowing interest only from the time judgment in a suit brought in Michigan involving a foreign plaintiff suing because of an accident occurring in a foreign jurisdiction. We believe, however, that under the ensuing analysis Michigan would apply its own statute in this situation.

■ It is clearly the Michigan law that conflicts of law questions involving matters of remedy and procedure are determined by the law of the forum, Bostrom v. Jennings, 326 Mich. 146, 40 N.W. 97 (1949); Edison v. Keene, 262 Mich. 611, 247 N.W. 757 (1933); Petrusha v. Korinek, 237 Mich. 583, 213 N.W. 188 (1927), and that matters of substance are determined by the *lex loci delicti,* Abendschein v. Farrell, 382 Mich. 510, 170 N.W.2d 137 (1969). Thus, if the Michigan pre-judgment interest statute would be considered by the Michigan Courts as procedural, we must apply it. If, however, it was considered substantive we must apply Pennsylvania law. We believe Michigan would hold its pre-judgment interest statute to be procedural in this context. The Supreme Court of Michigan in Ballog v. Knight Newspapers, Inc., 381 Mich. 527, 164 N.W.2d 19 (1969) has already held this statute to be procedural in a context different than the one at bar.[3] In *Ballog,* the Michigan Supreme Court was faced with a situation where the plaintiff recovered a judgment after the effective date of the pre-judgment interest statute but filed

---

2. Of course, we are not compelled to deny the motion because it has been improperly captioned, but can treat it as if properly made.

3. The statute was slightly different at the time *Ballog* was decided. The differences in the state pre-*Ballog* and post-*Ballog* are not, however, material. See Davis v. Howard, 14 Mich.App. 342, 165 N.W.2d 505 (Mich.Ct.App.1968).

his complaint before the effective date. The question before the Court was whether the pre-judgment interest statute was to be applied retroactively or only prospectively. The Court said that under Michigan law this question was decided by determining whether the statute is substantive or procedural. If substantive it could only be given prospective application, but if procedural it could be given retroactive application. The Court held that the statute was procedural, reasoning that interest on a judgment is incident to a right that already exists and is analogous to the costs and court fees of an action. This holding and the reasoning behind it is equally applicable to the conflict of laws context before us. Accordingly, we are compelled to view the statute as procedural and to apply the Michigan pre-judgment interest statute.

## II. PLAINTIFF'S MOTION FOR ATTORNEY'S FEES.

 Plaintiff's motion for attorney's fees in a strict liability in tort case is admittedly novel. The basis of plaintiff's motion is the fact that the common law allowed attorney's fees as damages in some cases to completely restore plaintiff to the status quo, though concededly it was not allowed in tort cases. *See* Plaintiff's Brief in Support of Motion, pp. 5–6.

As to the timeliness of plaintiff's motion, it is unclear whether, if we accepted his novel proposition, he would be entitled to recover attorney's fees as a matter of right or discretion of the Court. Assuming it would be a matter of right, and hence treating his motion as timely, we are not prepared to accept plaintiff's theory especially since the common law is to the contrary in tort cases generally and no statute or decision in this jurisdiction or any other has been cited as authority for awarding attorney's fees in similar cases.

## III. DEFENDANT'S MOTION FOR JUDGMENT N.O.V. OR FOR A NEW TRIAL

Defendants' motion for judgment N.O.V. and for a new trial must be denied. This case was clearly a case for the jury. There was evidence supporting both the plaintiff's and defendants' positions and the jury chose the plaintiff's. Defendants' argument that he is entitled to judgment N.O.V. or a new trial is principally based on rulings we made at trial as to the admissibility of certain items of evidence. We have carefully reviewed the entire record in this case in light of all defendants' objections and can find no reason to warrant granting either defendants' motion for judgment N.O.V. or for a new trial.