STASZKIEWICZ *v.* GALVIC.

1. NEGLIGENCE—DIRECTED VERDICT—CONTRIBUTORY NEGLIGENCE.

Refusal of trial judge to direct verdict in favor of defendant on ground of plaintiff's contributory negligence *held*, not error; only when it appears that all reasonable men would agree that plaintiff was guilty of contributory negligence on the view of the evidence most favorable to him is direction of a verdict proper.

2. SAME—PERSONAL INJURY—DAMAGES—MEDICAL EXPENSES—MARRIED WOMAN.

A married woman who received money from her husband, with whom she lived, to pay medical expenses, is entitled to recover such expenses in a negligence action maintained in her own right where undisputed testimony established that she incurred the responsibility for such expenses herself and did pay the expenses.

3. SAME—DAMAGES—FUTURE MEDICAL EXPENSES—MARRIED WOMAN.

Plaintiff married woman living with husband is entitled to recovery for future medical expenses where the undisputed testimony established that she contracted on her own account with a physician for medical expenses.

4. SAME—DAMAGES—PERSONAL INJURY—EFFECT ON SOCIAL LIFE.

The effect of a personal injury on family and social life, recreational activities and on personality and disposition of plaintiff are properly considered by jury as elements of plaintiff's damages in a negligence action.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence §§ 344, 345, 348.
[2, 3] 41 Am Jur 2d, Husband and Wife §§ 443, 444.
[4] 41 Am Jur 2d, Husband and Wife §§ 443, 457.
[5] 30 Am Jur, Interest §§ 46, 47.
[6] 5 Am Jur 2d, Appeal and Error §§ 1009, 1014.

5. Judgment—Interest—Date of Complaint—Date of Judgment.

    Trial court's award of interest from date of filing of complaint was improper where complaint was filed before effective date of statute permitting such award; the statute having been held to be of prospective application only, interest could properly have been awarded only from date of judgment (CLS 1961, § 600.6013).

6. Costs—Neither Party Prevailing in Full.

    No costs are awarded on appeal from judgment in automobile negligence case where judgment is affirmed but modified as to award of interest, neither party prevailing in full.

Appeal from Wayne, Bohn (Theodore R.), J. Submitted Division 1 March 7, 1968, at Detroit. (Docket No. 3,252.) Decided September 4, 1968. Leave to appeal granted by Supreme Court November 20, 1968. 381 Mich 788. Appeal dismissed by stipulation January 14, 1969.

Complaint by Helen Staszkiewicz against Anthony Galvic for personal injuries sustained in automobile collision. Judgment for plaintiff. Defendant appeals. Judgment affirmed but modified as to award of interest.

*Leven, Logan & Neenan,* for plaintiff.

*Becker, Mitchell, Phillips, Schatten & Salvage,* for defendant.

Lesinski, C. J. This appeal arises out of an open intersection automobile accident occurring on November 3, 1961. The matter was tried before a jury which awarded a verdict in the sum of $8,000 to the plaintiff. The testimony was that the plaintiff, a 43-year-old married woman, was operating her automobile in an easterly direction on Hayes street and the defendant was moving in a southerly direc-

tion on Dudley street in Taylor township, Wayne county. A collision occurred at the intersection of Hayes and Dudley when the right front of defendant's automobile struck the left fender and door of plaintiff's automobile. The plaintiff testified that as she approached the intersection, she brought her car to a stop, made proper observation and ascertained that the defendant's vehicle was approximately a half-block from the intersection. Being satisfied that she could cross the intersection safely, she proceeded across while the defendant was a distance of about three houses or approximately 160′ from the intersection. Before the plaintiff was able to complete the crossing of Dudley street, she was struck by defendant's vehicle, causing damage to her car and injury to her person. The plaintiff further testified that the defendant never slowed his car and took no action to avoid the accident.

The testimony of the defendant, Anthony Galvic, was that he had entered the intersection where the accident occurred without making proper observation and that accordingly he failed to yield the right of way to the plaintiff's car proceeding on his right in an easterly direction on Hayes street.

During the course of the trial, the testimony was that the plaintiff was living with her husband and family at the time of the accident and was employed part-time at the Fred Sanders Company. The plaintiff incurred her own medical expenses and paid for them herself. However, the money for the medical expenses, the doctor's fee, and the drug expenses was received by the plaintiff from her husband who was not a party to this action. The testimony also revealed that when the plaintiff was discharged from the Zieger Osteopathic hospital a $30 balance due on her account was paid by her husband.

The testimony further showed that the plaintiff has no intention of repaying her husband for the money furnished her for payment of the medical expenses.

Over objection of the defendant, the trial court allowed the jury to consider plaintiff's medical, hospital and drug expenses as elements of her damages if they found that the plaintiff had contracted for and paid for such expenses. The court also instructed the jury, over objection, that if they so found, future medical expenses would be an element of damages.

Further, the court instructed the jury that they could consider as an element of damages the effect of plaintiff's injuries on her family and social life, her recreational activities, personality and disposition.

Based upon these instructions, in the context of the instruction as a whole, the jury returned a verdict in favor of the plaintiff, upon which the judge awarded interest from the date of the filing of plaintiff's complaint. From a denial of a motion for new trial, this appeal was taken.

The first issue raised on appeal by the defendant is whether he, as a matter of law, should have been granted a directed verdict predicated upon plaintiff's contributory negligence of having failed to make proper observations before entering the intersection. This Court can find no basis for directing a verdict in favor of the defendant predicated upon contributory negligence. As the Supreme Court stated in *Ingram* v. *Henry* (1964), 373 Mich 453, 455:

"In the process of reversing that judgment, we noted that the standard by which directed verdicts are judged on appeal is whether, upon favorable-to-plaintiff view of the evidence, all reasonable men

would agree that plaintiff was guilty of contributory negligence."

In this case we cannot so hold, simply because as the Court stated in *Ingram* at p 457:

"What constitutes due care for one's own safety, like what constitutes negligent conduct toward others, is a question of fact and not of law. As such it must usually be left for determination by the jury, where a jury has been demanded."

See, also, *City of Bay City* v. *Carnes* (1966), 3 Mich App 623 and *Cooper* v. *Tranter Manufacturing, Inc.* (1966), 4 Mich App 71, 77.

The next issue raised by defendant questions the right of the plaintiff, a married woman living with her husband and dependent upon him for support, to introduce her medical expenses as a part of her cause of action and have the jury so instructed.

The undisputed testimony of the plaintiff and her physician was that the plaintiff in her own capacity contracted for the medical services rendered and that she had, in fact, personally paid all of the bills except one $30 payment to the hospital. Defendant's contention is that a married woman could make herself responsible for medical services as she could make herself responsible for necessaries. However, she could not maintain in her own right a claim for recovery of those expenses incurred if her husband was, in fact, primarily responsible for the expenses. This Court believes that the issue of responsibility is irrelevant on the facts of this case as there was evidence presented that the plaintiff did incur the responsibility for payment of the medical expenses and further did pay those expenses. As the Court stated in *Lacas* v. *Detroit City Railway Company* (1892), 92 Mich 412, 416, 417:

"The plaintiff is a married woman, and was permitted to recover the expenses of her sickness incurred by and charged to her, but not paid at the time of the trial. It appeared that credit had been extended to her solely. Under these circumstances, she became liable to pay for the services. *Meads* v. *Martin* (1891), 84 Mich 306; *Hirschfield* v. *Waldron* (1890), 83 Mich 116."

Certainly there can be no question but that the *Lacas Case* stands for the proposition that if a married woman has made herself responsible for medical services and has paid for those services, she can recover in an action maintained in her own right for those medical expenses. The unrebutted testimony on this issue precludes this Court from any other finding. See, also, *In re De Spelder's Estate* (1914), 181 Mich 153, and cases cited therein at 163. Thus, the testimony of the plaintiff as to her medical expenses, the instruction to the jury on the medical expenses, and a determination predicated upon that consideration was completely in accord with Michigan law.

As to the future medical expenses of the plaintiff, the unrebutted testimony of the plaintiff and her physician has again to stand as determinative. The testimony revealed that when the original contract for medical services was made, it was made between the plaintiff and her physician exclusively, and for those services that had already been rendered, the fees had been paid by the plaintiff. This Court cannot now speculate that the future medical expenses to be incurred would be paid in any other manner than that shown by the record and this record reveals that the physician is going to look to the plaintiff for his fees. As stated in 27 Am Jur, Husband and Wife, § 496, p 95:

"The view has been taken that under Married Women's Acts enabling a married woman to sue

as if she were sole, she is entitled in a personal-injury action to recover damages based on proved probable future medical expenses, even though she may be denied recovery for past expenses of this character unless she can prove that the payment therefor has been made by her or that the liability therefor rests on her."

See, also, *Cassidy* v. *Constantine* (1929), 269 Mass 56 (168 NE 169). CLS 1961, § 600.2001 (Stat Ann 1962 Rev § 27A.2001), allows the plaintiff to recover for those future medical expenses which she incurs.

Defendant next claims that the court incorrectly charged the jury that an element of damages was the diminution of the plaintiff's family and social life and recreational activities, and also to consider the effect on her personality and disposition. The Court finds this contention to be baseless as the error complained of was within a general damages charge that must be considered in its totality and not by lifting clauses to determine their validity. As was stated in *Huffman* v. *First Baptist Church of Flushing* (1959), 355 Mich 437, 445, 446:

"We find in the instant case that the charge of the court, when read as a whole, adequately stated the various claims and counter claims of the respective parties, and understandably presented the applicable rules of law and essential legal principles to help guide the jury in reaching an intelligent decision in the case. That is all either side is ever entitled to."

The last issue raised by defendant questions the right of the trial court to award interest from the date of filing of the complaint, as this case was filed before CLS 1961, § 600.6013, as amended by PA 1965, No 240, eff July 21, and PA 1966, No 276 eff July 12 (Stat Ann 1968 Cum Supp § 27A.6013). This Court has ruled in *Swift* v. *Dodson* (1967), 6

Mich App 480, that the effect of this statute is prospective. Plaintiff concedes in her brief that interest should have been awarded from the date of judgment. This cause is, therefore, remanded for entry of a judgment in accordance with the determination of this Court.

Affirmed except as noted above concerning the awarding of interest. No costs, neither party fully prevailing.

LEVIN and ANDREWS, JJ., concurred.