GERREN v. KENNEDY MOTORS, INC.

1. JUDGMENT—INTEREST—DAMAGES.

A judgment debt, however that debt may be determined, is due and owing at the time the complaint is filed (CLS 1961, § 600-.6013 as amended by PA 1966, No 276).

2. JUDGMENT—INTEREST—STATUTE.

Interest on a judgment debt from the time of filing of complaint is purely statutory (CLS 1961, § 600.6013 as amended by PA 1966, No 276).

3. DAMAGES—FUTURE DAMAGES—INTEREST.

The element of interest incorporated in a judgment for future damages which results from the fact that the future damages are discounted to the time of the jury's deliberations and not to the earlier time of filing the complaint is not the same interest as that allowed by statute from the time of filing the complaint (CLS 1961, § 600.6013 as amended by PA 1966, No 276).

Appeal from Berrien, Karl F. Zick, J. Submitted Division 3 May 8, 1969, at Grand Rapids. (Docket No. 6,209.) Decided July 31, 1969.

Proceedings in garnishment by Robert S. and Irma D. Gerren against Inter-City Bank of Niles, a debtor of Kennedy Motors, Inc., a Michigan corporation, principal defendant for interest on a judg-

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments § 232.
[2] 45 Am Jur 2d, Interest and Usury § 97.
[3] 22 Am Jur 2d, Damages § 96.

ment against principal defendant. Garnishment dismissed. Plaintiff appeals. Reversed and remanded.

*James T. Sloan, Jr.,* and *Ralph O. Birkhold,* for plaintiff.

*Butzbaugh, Page, & Butzbaugh,* for principal defendant.

Before: J. H. GILLIS, P. J., and R. B. BURNS and V. J. BRENNAN, JJ.

J. H. GILLIS, P. J.   Plaintiffs filed suit on September 15, 1966, to recover for injuries sustained by Irma Gerren in an automobile accident which occurred on September 26, 1964. The jury returned verdicts in favor of both plaintiffs. A judgment was entered on May 24, 1968. Defendant paid the judgment together with interest from the date judgment was entered. The question for our determination is whether plaintiff is entitled to interest for the period from the date the complaint was filed until the date the judgment was entered.

On July 31, 1968, plaintiffs issued a writ of garnishment against the Inter-City Bank of Niles for the amount of the disputed interest. Defendant filed a motion to dismiss the garnishment which was granted on September 6, 1968.

During the trial conference *in camera* between court and counsel to discuss jury instructions, plaintiffs' counsel was asked by the trial court, "Are you familiar with the new case about interest? Under a new Supreme Court decision, the plaintiffs are entitled, if they recover, interest from the time the complaint is filed." He replied, "We are waiving that." The following excerpts are taken from the

transcript of the hearing on defendant's motion to dismiss the writ of garnishment:

"*The Court:*  \*  \*  \* Interest was waived; that is in the record. I think the key is the judgment order. Nothing was said there, and it was waived before; and I think this is an after-thought.  \*  \*  \*

"*(To counsel for plaintiffs):* At your request I would have given an instruction that if they find for the plaintiff in this case for the injuries up to the date from the time of filing of the complaint you are entitled to interest.

"*Mr. Sloan (counsel for plaintiffs):* I submit that is not a proper instruction, that this interest is taxed by the Court and is not the subject of any instruction.

"*The Court:* Shouldn't this have been thrashed out when the judgment was entered?

\*     \*     \*

"*Mr. Sloan:* My point is it doesn't have to be incorporated in any judgment of this Court."

These contentions by plaintiffs' counsel at the hearing are reiterated and now form the basis of this appeal.

Defendant focuses on the fact that the jury was instructed to discount the present worth of future damages from the date of their deliberations. Defendant contends that if the judgment is to bear interest from the date of the complaint, the jury should discount future damages to the date of the complaint, not the date of its deliberations. As stated in its brief:

"Clearly to discount correctly the future damages, the jury would have to know the date from which interest would be added to the judgment.  \*  \*  \* If Mr. Sloan had not waived interest 'from the time the complaint is (was) filed,' to avoid awarding double interest for the period from the date of the

complaint to the date of the judgment the court
would have had to instruct the jury to discount to
present worth back to the date of the complaint.
* * * Therefore, the net effect of the waiver of
interest by plaintiffs' counsel with the resulting in-
structions by the court were two-fold, viz.: (1) the
plaintiffs received an 'interest element' automatical-
ly in the computations of present worth of future
damages and (2) the plaintiffs avoided complex
instructions which may have confused the jury and
lowered the gross verdict."

Plaintiffs based their claim solely on CLS 1961,
§ 600.6013 (Stat Ann 1962 Rev § 27A.6013), as
amended by PA 1965, No 240, and PA 1966, No 276,
which reads in part as follows:

"Interest shall be allowed on any money judgment
recovered in a civil action, such interest to be cal-
culated from the date of filing the complaint at the
rate of 5% per year unless the judgment is rendered
on a written instrument having a higher rate of
interest in which case interest shall be computed at
the rate specified in the instrument if such rate was
legal at the time the instrument was executed. In
no case shall the rate exceed 7% per year after
the date judgment is entered."

Defendant confuses the interest figure used to dis-
count the present worth of future damages and the
interest on a judgment provided by the statute.

It is true, as defendant contends, that an award
for future damages computed as of the time of the
jury's deliberations is higher than an award com-
puted as of the time of the filing of the complaint.
Defendant errs, however, in concluding that the
higher award as of a later time incorporates the
"interest element" which plaintiffs are seeking. The
higher award means only that the estimated dam-

ages of some future date are discounted over a shorter period of time.

That a judgment, as here, may incorporate a discounted present worth of future damages has no bearing on the operation of the statute. The statute speaks only of judgments and treats the judgment debt, however determined, as having been due and owing at the time the complaint was filed.

As stated in *Swift* v. *Dodson* (1967), 6 Mich App 480, "We are not concerned here with interest included as an element of damages as approved by a majority of the Court in *Currie* v. *Fiting* (1965), 375 Mich 440 [wrongful death]. We are here concerned only with interest on a judgment. This is purely statutory."

Reversed and remanded for the awarding of interest to plaintiffs consistent with this opinion Costs to appellant.

All concurred.