ALPINE CONSTRUCTION COMPANY *v.* GILLILAND

1. CONTRACTS—PUBLIC WORKS—BIDDING RESTRICTIONS—STATUTES.

> The objection of the statute setting forth the requirements for bidders on public works contracts is to reduce the likelihood of receiving bids from firms not qualified to perform or complete the work (MCLA § 123.501).

2. JOINT ADVENTURES — CONTRACTS — PUBLIC WORKS PROJECTS — DEVIATIONS FROM SPECIFICATIONS — EVIDENCE — PRESUMPTIONS.

> Deviations from state highway specifications during performance by the parties of their joint venture agreement covering their construction of public highway by-passes did not render their agreement illegal and therefor unenforceable where defendant construction company was qualified to bid on the construction projects even though plaintiff company was not, since presumptions favor the legality of contracts.

3. JOINT ADVENTURES—CONTRACTS—ADDITIONAL COMPENSATION—EQUIPMENT DAMAGE—EVIDENCE.

> Denial of defendant construction company's counterclaim for excessive equipment wear and damage under its joint venture agreement with plaintiff construction company was proper where there was conflicting testimony as to the extent and cause of such wear and damage, as to whether the parties had an agreement covering that subject, and where defendant failed to establish by a preponderance of the evidence that the parties had agreed, either expressly or by implication, that excessive tire or scraper wear would be compensated for over and above the equipment rental rate specified in their joint venture agreement.

---

REFERENCE FOR POINTS IN HEADNOTES

[1–3] 43 Am Jur, Public Works and Contracts § 23 *et seq.*

Appeal from Mackinac, Bernard H. Davidson, J. Submitted Division 3 October 9, 1969, at Grand Rapids. (Docket No. 6,291.) Decided April 24, 1970. Rehearing denied June 1, 1970. Leave to appeal denied August 11, 1970. 838 Mich 815.

Complaint by Alpine Construction Company, a Michigan corporation, against William O. Gilliland, doing business as Gilliland Construction Company, a Michigan corporation, for monies due under their joint venture construction contract. Defendant counterclaimed for excessive equipment wear. Judgment for plaintiff; counterclaim denied. Defendant appeals. Affirmed.

*Brown & Brown,* for plaintiff.

*Isadore Isackson,* for defendant.

Before: R. B. Burns, P. J., and Holbrook and Levin, JJ.

R. B. Burns, P. J. Plaintiff and defendant entered into a joint venture agreement concerning the construction project known as the St. Ignace By-Pass job. Later this joint venture agreement was, for practical purposes, extended to include two other jobs known as the Indian River job and the Amasa job.

Plaintiff lacked the required qualifications set by the Michigan state highway department to bid on a job of this size. After several conferences it was agreed that the defendant would submit a bid in its name but that the work would be handled as a joint enterprise between the parties, and the basic agreement was reduced to writing.

Plaintiff filed suit for monies due under this agreement and defendant counterclaimed for excessive wear to its tires and scrapers. At the close of the trial defendant also claimed the contract was illegal and, therefore, unenforceable because the parties had not complied with the Michigan state highway department standards and specifications.

The trial court allowed certain setoffs to the defendant but denied the counterclaim for excessive wear to its tires and scrapers and entered a judgment for plaintiff.

MCLA § 123.501 (Stat Ann 1969 Rev § 5.2311) sets forth the requirements of bidders on public works. The object of the statute is to reduce the likelihood of the receipt of bids from firms not qualified to perform or complete the work. *Malan Construction Corp.* v. *Board of County Road Commissioners, The County of Wayne* (1960), 187 F Supp 937. The defendant was qualified to bid on the job in question and deviations from the highway specifications would not make the contract illegal. Presumptions favor the legality of contracts *Kull* v. *Losch* (1950), 328 Mich 519.

After the defendant's bid was accepted by the state highway department the plaintiff and defendant entered into the joint venture agreement. The parties agreed in court that the contract did not cover everything between the parties and that it was subsequently varied by parol agreement. In fact the evidence shows that the rental rate on various equipment was adjusted.

Both companies knew at the time they were preparing bids for the St. Ignace job that considerable work would be in rock and they had investigated the feasibility of using a method called ripping to avoid drilling and blasting. Paragraphs C and D of the contract provide:

"C. That equipment for the work shall be supplied on equal shares to the extent that each company is able to make the equipment available, but in the event one company should not have available sufficient equipment to provide its 50% share, the other company should have the right to provide any additional equipment considered necessary for the efficient prosecution of the work before equipment is rented from other sources. The hourly rental rates for all equipment furnished by the two companies shall be the monthly rates set forth in the A.E.D. 1958 10th Edition compilation of rental rates divided by two (2) and the result divided by one hundred seventy-six (176), except for new equipment purchased specifically for the above works, which shall be rated separately.

"D. Each company agrees to deliver and remove its own equipment at its own expense and each company further agrees to assume the maintenance of its own equipment. Joint Venture agrees to pay operators, furnish fuel, motor oil, lubricants, filters, replacement cables and scraper and grader cutting edges. In the event that special tires shall be required for some of the scrapers because of the rock involved, this matter shall be discussed and agreed upon before this type of work is begun."

Special tires were not used and the record does not indicate that there was any further discussion of the matter.

There was conflicting testimony in the trial court as to the extent of tire wear and scraper wear due to working in rock and as to the cause of the tire wear and damage. There was conflicting testimony as to whether the parties had an agreement covering excessive tire and scraper wear. The trial court held that the parties did not reach any agreement in this regard. The trial court in its opinion pointed out that the contract provided for rental rates to be paid by the joint venture to each partner for the

use of its equipment and there is nothing in the written contract to indicate that the parties contemplated additional compensation to either party for the use of its equipment. The trial court held that the defendant had failed to establish by a preponderance of the evidence its counterclaim that the parties had agreed, either expressly or by implication, that excessive tire wear or scraper wear would be compensated for over and above the equipment rental rate.

After reviewing the entire record we cannot say that the trial court's verdict was against law or contrary to the weight of the evidence.

Affirmed. Costs to appellees.

All concurred.