ALPINE CONSTRUCTION COMPANY v GILLILAND

1. JUDGMENT—INTEREST—STATUTES—EFFECT OF AMENDMENT—RETRO-
   ACTIVE OPERATION.

   The 1965 amendatory language to the statute regarding interest
   on money judgments in civil actions providing for interest from
   the date of the complaint rather than the date of the judgment
   is applicable to all judgments entered subsequent to the amend-
   ment, even though the complaint was filed prior to the amend-
   ment (MCLA 600.6013, as amended by 1965 PA 240).

2. JUDGMENT—INTEREST—ERRONEOUS JUDGMENT—STATUTES—RELIEF.

   A trial court, on motion and upon such terms as are just, may
   relieve a party or his legal representative from a final judg-
   ment, order, or proceeding if there is a reason justifying relief
   from the operation of the judgment and the motion is made
   within a reasonable time; the entry of a judgment for statutory
   interest which is contrary to the statutory mandate is a reason
   sufficient to justify relief from the erroneous judgment and the
   reasonable time to bring the motion extends at least until the
   time of satisfaction of the money judgment (GCR 1963, 528.3;
   MCLA 600.6013, as amended by 1965 PA 240).

3. JUDGMENT—INTEREST—ERRONEOUS JUDGMENT—STATUTES—EFFECT
   OF AMENDMENT.

   A trial court, having relieved a party of a prior erroneous money
   judgment allowing interest only from the date of the judgment
   because a subsequent amendment to the statute mandating
   interest from the date of the complaint rather than the date of
   the judgment is applicable to all judgments entered subsequent
   to the amendment, even though the complaint was filed prior
   to the amendment, could enter an order providing for interest
   from the time of the filing of the complaint and thereafter
   order release of the funds which were in the hands of the
   circuit court clerk including funds representing the contested

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments § 244.
[2–5] 46 Am Jur 2d, Judgments §§ 805, 806.
   47 Am Jur 2d, Judgments § 979.

interest to the prevailing party; being relieved of the prior erroneous judgment, the prevailing party was entitled to interest in accordance with the statutory mandate (MCLA 600.6013).

4. JUDGMENT—INTEREST—AMENDMENT OF JUDGMENT—INHERENT POWER—JURISDICTION—SATISFACTION OF JUDGMENT.

A trial court has inherent power to modify or set aside its judgment with respect to statutory interest at any time prior to satisfaction of the judgment; the statutory interest on the judgment is incidental to the enforcement and satisfaction of the judgment and the court necessarily retains jurisdiction with respect to the enforcement of the judgment until it is satisfied (MCLA 600.6013).

5. JUDGMENT—MONEY JUDGMENT—JURISDICTION—SATISFACTION OF JUDGMENT—AMENDMENT OF JUDGMENT.

A trial court has jurisdiction over any language in an order or judgment with respect to the adding of statutory interest until the judgment is satisfied and that portion of the judgment does not become final in the sense of depriving the trial court of continued jurisdiction with respect to said portion prior to the satisfaction of the judgment; if the losing party wishes to avoid the possibility of a future modification of the judgment by the trial court, the obvious remedy is to immediately tender satisfaction of the judgment.

Appeal from Mackinac, Edward H. Fenlon, J. Submitted Division 3 September 11, 1973, at Lansing. (Docket No. 14673.) Decided November 28, 1973.

Complaint by Alpine Construction Company against William O. Gilliland, doing business as Gilliland Construction Company, for monies due under their joint venture construction contract. Judgment for plaintiff. Defendant appealed. Affirmed, 23 Mich App 275; 178 NW2d 530 (1970). Subsequently, on motions by the parties, the trial court amended the judgment. Defendant appeals, by leave granted, on a limited question. Affirmed.

*Brown & Brown,* for plaintiff.

*Isadore Isackson,* for defendant.

Before: McGREGOR, P. J., and QUINN and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. On May 13, 1968, judgment was entered in favor of plaintiff. The judgment provided that:

"It is ordered and adjudged that plaintiff recover from the defendant sixty-nine thousand, fifty-five and 98/100 dollars ($69,055.98), plus interest from the date of this judgment, being May 13, 1968."

Defendant appealed that judgment to this Court following denial by the trial court of its motion for a new trial. This Court affirmed that judgment by our opinion of April 24, 1970. See 23 Mich App 275; 178 NW2d 530 (1970). A subsequent application for rehearing was denied by this Court on June 1, 1970. The Supreme Court thereafter denied leave to appeal on August 11, 1970. See 383 Mich 815 (1970).

No attempt to enforce the judgment was made until July 1971, when United States Fidelity and Guaranty Company, assignee of $22,000 worth of plaintiff's judgment, filed affidavits in circuit court for a writ of garnishment against certificates of deposit in the amount of $109,000 issued to defendant by the Peoples State Bank of Alpena.[1] A writ of garnishment issued and was served on the bank

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] It appears that the $109,000 on deposit with the bank represents monies paid by the State Highway Department to Gilliland Construction Company for work done under the contract which gave rise to this suit. This money was placed in the bank under the dual control of defendant and its bonding company for the apparent purpose of insuring the existence of funds to meet any adverse judgment in this suit.

in August 1971. The bank filed disclosures admitting its indebtedness on the certificates of deposit on August 13, 1971.

On August 19, 1971 United States Fidelity and Guaranty Company filed a motion for judgment against garnishee defendant bank, praying for judgment in the amount of $22,000 out of the $109,000 held by the bank in defendant's favor. On September 28, 1971 defendant moved to amend the judgment to provide for an adjustment in its favor for some $6,000 it was required to repay to the State Highway Department on the construction contracts which were the subject of the original suit. Plaintiff answered that motion and filed a supplemental memorandum of law raising for the first time the question of whether it had the right to interest from the date of the filing of the complaint rather than from the date of judgment, as provided for in the order of judgment entered in 1968. The thrust of plaintiff's memorandum of law was that language in the 1968 order of judgment to the effect that interest should be from the date of judgment was in error since it was based upon the construction given by this Court in *Swift v Dodson,* 6 Mich App 480; 149 NW2d 476 (1967) to MCLA 600.6013; MSA 27A.6013 as amended by 1965 PA 240, but that the Supreme Court in *Ballog v Knight Newspapers, Inc,* 381 Mich 527; 164 NW2d 19 (1969) found this Court's holding in *Swift, supra,* to be in error and held that the amendatory language providing for interest from the date of the complaint rather than the date of the judgment to be applicable to all judgments entered subsequent to the amendment, even though the complaint was filed prior to the amendment.

A hearing was held on October 1, 1971 at which

United States Fidelity and Guaranty Company argued that it was entitled to summary judgment in the amount of $22,000 out of the funds being held by Peoples State Bank of Alpena. At that hearing plaintiff's counsel orally argued that it was entitled to interest on the judgment from the time of the filing of the complaint rather than from the time of entry of judgment.[2] Defendant argued that the funds held by the bank were not subject to garnishment since the certificates of deposit had been used as collateral security for certain loans made to defendant. Defendant further argued that plaintiff was entitled to interest only from the date of the judgment as provided in the 1968 order of judgment.

On November 2, 1971 the trial court entered an order: (1) granting defendant's motion to amend the judgment with respect to the monies repaid to the State Highway Department; (2) directing that interest be paid from the date of the complaint rather than the date of judgment; (3) directing that the bank forthwith pay to plaintiff Alpine Construction Company a sum equal to the judgment plus the interest as noted above, but less the above-mentioned credit, said payment thereby giving defendant Gilliland Construction Company and garnishee defendant bank complete release and satisfaction of the judgment; and, (4) directing plaintiff to immediately assign $22,000 of said judgment proceeds to United States Fidelity and Guaranty Company.

On November 5, 1971 the trial court entered a supplemental order finding United States Fidelity and Guaranty Company to be the assignee of plaintiff and thereby entitled to recover from gar-

---

[2] While no formal written motion to vacate or amend was made prior to the hearing, since the question of interest was argued by both plaintiff and defendant the question was properly before the court.

nishee defendant bank the sum of $22,000 and ordering the bank to pay the same to United States Fidelity and Guaranty Company from the funds held in defendant's favor.

Defendant attempted to appeal from the November 3, order; however, since its claim of appeal was not filed until December 1, 1971, it was not timely within GCR 1963, 803.1, and was therefore not accepted by this Court as an appeal of right.

On January 20, 1972, the bank, in compliance with the trial court's order of November 5, 1971, paid over to United States Fidelity and Guaranty Company the sum of $22,000. On February 4, 1972 the bank paid to the clerk of the circuit court the sum of $70,542.95, which represented the principal judgment as amended plus interest from the date of the filing of the complaint to the date the funds were turned over to the circuit court clerk, the same being $25,186.97, less the $22,000 paid to United States Fidelity and Guaranty Company. On March 15, 1972 plaintiff petitioned for the release of the funds being held by the circuit court clerk, and, on the same date, the court ordered said funds to be released to plaintiff.

In July 1972 defendant sought leave to appeal to this Court. This Court granted leave as to the limited question of whether the trial court had authority to amend the judgment to allow interest from the date of the filing of the complaint where such interest was not requested for more than three years after judgment was entered and after the judgment had become final on appeal.

The sole question which must be decided is whether the trial court had the authority to amend the original judgment with respect to the statutory interest on the judgment. It is clear that the trial court included in the 1968 order of judg-

ment the provision that the interest on the judgment should run from the date of judgment rather than from date of the filing of the complaint because it felt that since the complaint was filed prior to the 1965 amendment to MCLA 600.6013, *supra,* it was controlled by the prior statute and not the statute as amended.[3] The trial court cannot be faulted in this regard, since at the time of the entry of the original judgment this Court on numerous occasions held in like circumstances that the unamended statute controlled.[4] It was not until February 1969 that the Supreme Court held that this Court was in error in applying the previous version of MCLA 600.6013, *supra,* to cases in which the complaint was made prior to the 1965 amendment but judgment was entered subsequent to amendment.[5] Even though the trial court cannot be faulted for his reliance upon this Court's holdings, since interest pursuant to MCLA 600.6013, *supra,* is mandatory,[6] entry of the original order of judgment with the restriction that the interest run only from the date of judgment rather than the date of the filing of the complaint amounted to an error of law.

It is clear that the trial court's later amendment of the judgment is not sustainable under GCR 1963, 527.4, since motions to amend made pursu-

[3] A letter written by the trial court to the attorneys prior to the court's entry of judgment clearly indicated that the court felt constrained to enter judgment in accordance with this Court's decision in *Swift v Dodson, supra.*

[4] *See Swift v Dodson supra; Ballog v Knight Newspapers, Inc,* 7 Mich App 273; 151 NW2d 359 (1967); *Staszkiewicz v Galvic,* 13 Mich App 215; 163 NW2d 815 (1968); *Vannoy v City of Warren,* 15 Mich App 158; 166 NW2d 486 (1968).

[5] *See Ballog v Knight Newspapers, Inc,* 381 Mich 527; 164 NW2d 19 (1969).

[6] *See Waldrop v Rodery,* 34 Mich App 1; 190 NW2d 691 (1971); *Militzer v Kal-Die Casting Corp,* 41 Mich App 492; 200 NW2d 323 (1972); *Vanden Berg v Grand Rapids Gravel Co,* 42 Mich App 722; 202 NW2d 694 (1972).

ant to that rule must be served not later than 20 days after entry of the judgment. GCR 1963, 528.3, however, provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment order or proceeding was entered or taken."

There can be no question that the entry of a judgment for statutory interest which is contrary to the statutory mandate is a reason sufficient to justify relief from the erroneous judgment. The only question is whether the motion was made within a "reasonable time".

To determine whether the motion to relieve plaintiff from the operation of the judgment was brought within a reasonable time it is necessary to look at the nature and purpose of the statutory interest provisions. MCLA 600.6013; MSA 27A.6013 presently provides, in pertinent part, that:

"Interest shall be allowed on any money judgment recovered in a civil action, such interest to be calculated from the date of filing the complaint * * * ."

Prior to its amendment in 1966 by 1966 PA 276 this section provided that:

"Execution may be levied for interest on any money judgment recovered in a civil action * * * ."

The change in language made by the 1966 amendment does not indicate any change in legislative

intent, but would rather appear to have been made to clarify the fact that statutory interest is not limited in application to those cases in which execution is levied.[7]

The nature of the statute was commented upon by the Supreme Court in *Ballog v Knight Newspapers, Inc,* 381 Mich 527, 541; 164 NW2d 19, 25 (1969):

"The only question presented in this appeal is: What was the intent as the legislature enacted the provision: *'Execution may be levied* for interest on any money judgment recovered in a civil action.' [Emphasis by Supreme Court.] This does not pertain to the granting of interest as part of the verdict, or to any change in plaintiff's or defendant's rights in determining liability.

"The statute does not refer to judicial action as the trial judge does not take part in levying an execution. It pertains to the ministerial act of the officer entrusted with the duty of issuing a levy to satisfy a judgment, plus costs and interest, and is procedural and prospective as it looks forward to the time when a writ of execution may be issued, after all judicial action has been completed. This issuance may never occur, as no levy on property of a judgment debtor is required, or can be properly made if he pays or satisfies a judgment, costs and interest, before a levy is accomplished. See 7 Callaghan's Michigan Pleading & Practice (2d ed), § 49.50, p 242."

Clearly the statute looks forward to the time that there is satisfaction of the judgment, whether by levy or otherwise. By the same token any language in a judgment order with respect to statutory interest, of necessity, looks forward to that time at which the judgment is satisfied. Until the time of satisfaction any provision of the judgment order with respect to interest is executory in

---

[7] *See Davis v Howard,* 14 Mich App 342; 165 NW2d 505 (1968), *lv den* 382 Mich 754 (1969).

nature, since until the time of satisfaction of the judgment it is impossible to ascertain the amount of interest statutorily mandated. Further, it is not until the time of an attempted satisfaction that the trial court will be called upon to determine the interest due, if the parties are unable to reach an accord as to the amount of interest due; thus, the statutory interest portion of any judgment remains under the continued control of the trial court until there is satisfaction of the judgment.

Since the statutory interest portion is, in a sense, executory in nature until the satisfaction of judgment, we perceive that a "reasonable time" within the meaning of GCR 1963, 528.3 with respect to judgments for statutory interest extends at least until the time of satisfaction of the judgment. Inasmuch as this matter was brought before the trial court prior to satisfaction of the judgment, the trial court properly relieved plaintiff from the application of the prior erroneous judgment.

This then brings us to the question of whether, having relieved the plaintiff of the prior erroneous judgment, the trial court could enter an order providing for interest from the time of the filing of the complaint and thereafter order release of the funds in the hands of circuit court clerk including funds representing the contested interest. As noted previously, the statutory interest provisions are mandatory in nature. Because of this statutory mandate, the prevailing party has a right to the statutory interest on his money judgment even though there was no provision in the order of judgment providing for interest on the judgment.[8] Being relieved of the prior erroneous judgment,

---

[8] *See Gerren v Kennedy Motors, Inc,* 18 Mich App 564; 171 NW2d 548 (1969).

plaintiff was therefore entitled to interest in accordance with the statutory mandate.

We would also note that it would appear that a modification of the judgment with respect to statutory interest is inherently within the circuit court's power until satisfaction of the judgment. Since the statutory interest on the judgment is incidental to the enforcement and satisfaction of the judgment, and the trial court necessarily retains jurisdiction with respect to the enforcement of judgments, it was within the inherent power of the trial court to modify or set aside its judgment with respect to statutory interest at any time prior to satisfaction of the judgment.[9]

Any language in an order of judgment with respect to the adding of statutory interest necessarily looks forward to the time of satisfaction of the judgment. While it cannot be said that such language is merely an advisory opinion by the trial court as to how he would rule if the question came up at the time of satisfaction of the judgment, neither can it be said that said portion of the judgment becomes final in the sense of depriving the trial court of continued jurisdiction with respect to said portion of the judgment prior to satisfaction of the judgment. If the losing party wishes to avoid the possibility of a future modification of the judgment by the trial court, the obvious remedy is to immediately tender satisfaction of the judgment. Here defendant at no time attempted to tender satisfaction on the original judgment. Since, as discussed herein, the trial court had jurisdiction to amend the judgment with respect to the statutory interest, defendant will not be heard

[9] *See South Looking Glass Drainage District Board v Grand Trunk Western R Co,* 357 Mich 215; 98 NW2d 543 (1959); *L & S Bearing Co v Morton Bearing Co,* 355 Mich 219; 93 NW2d 899 (1959).

to complain about the delay, for the delay was caused by defendant's own failure to tender satisfaction of the judgment. Whatever injury that might have resulted to defendant by the four-year delay is clearly a result of the risk that defendant took in not paying the judgment sooner.

Affirmed. Costs to plaintiff.

All concurred.