*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PHILLIP HOFMEISTER,

        Plaintiff-Appellant,

UNPUBLISHED
September 29, 2022

v

No. 358159
Jackson Circuit Court
LC No. 21-000529-CZ

CITY OF JACKSON,

        Defendant-Appellee.

Before: K. F. KELLY, P.J., and LETICA and RICK, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant under MCR 2.116(C)(8). We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case stems from defendant's collection of nonresident city taxes. Defendant assessed a city income tax under its Uniform City Income Tax Ordinance, which adopted Michigan's City Income Tax Act (CITA), MCL 141.501 *et seq*., by reference. Defendant levied a 0.5% city income tax on nonresidents. In 2020, plaintiff started the year working at his regular, assigned location at the Consumers Energy (Consumers) headquarters in Jackson. After the COVID-19 pandemic caused employers to alter their employees' physical worksites, Consumers authorized plaintiff and other nonresident city employees to begin working from home or telecommute in March 2020. Nonetheless, Consumers continued to withhold Jackson city taxes from plaintiff consistent with an in-office work assignment.

Plaintiff filed a three-count class action complaint on behalf of himself and as a representative of similarly situated persons.[1]  Plaintiff alleged that defendant demanded Consumers continue withholding the city taxes for nonresident employees who were working from home, contrary to the Michigan Department of Treasury's confirmation[2] that nonresident telecommuters were not subject to city taxation.  Plaintiff's specific claims included (1) that the collection of the nonresident tax from those working at home constituted an unlawful exaction without due process, (2) that the collection of taxes was an illegal taking of property without just compensation, and (3) that defendant was unjustly enriched or an assumpsit.  Plaintiff asserted that communications were exchanged between Consumers and defendant about the inappropriateness of continuing to demand the collection of city income taxes from nonresident workers when they were reassigned to work outside defendant city's territorial limits.  It was submitted that defendant "continued to require, demand, and did in fact collect city income taxes from non-residents who were not working within the territorial limits of the [c]ity of Jackson due to COVID-19."

In lieu of answering the complaint, defendant moved for summary disposition under MCR 2.116(C)(4), lack of subject-matter jurisdiction,[3] and MCR 2.116(C)(8), failure to state a claim on which relief can be granted.  Defendant asserted that, by statute, employers were required to withhold applicable city income taxes, and therefore, it could not have illegally exacted funds from plaintiff or committed a taking.  If plaintiff wanted to change his withholding, he could have filed an amended withholding certificate with Consumers.  Plaintiff did not specify whether he had filed a 2019 or 2020 city income tax return and did not allege the provisions of the CITA that were violated.  It was further alleged that plaintiff's remedy was to pursue relief with the Income Tax Board of Review or the Michigan Tax Tribunal.

In response, plaintiff alleged that, in reality, it was not possible for employees to amend their tax withholdings.  He also submitted that the city treasurer threatened Consumers with penalties if it failed to "continue to withhold."  Further, plaintiff contended that if he filed a tax return and was entitled to a refund, he would have lost, while defendant gained, the interest from the refund amount.[4]

---

[1] Because defendant filed a motion for summary disposition in lieu of an answer to the class action complaint and the dispositive motion was taken under advisement, the parties stipulated to delay the request to certify the class.

[2] City Income Taxes and Telecommuting FAQ, *"How did the Michigan Department of Treasury conclude that wages earned by a nonresident of Detroit, who is working from home (telecommuting) at a location outside of the city, are not taxable by Detroit?"* <https://www.michigan.gov/taxes/citytax/banner/city-income-taxes-and-telecommuting-faq> (accessed September 20, 2022).

[3] The trial court did not address MCR 2.116(C)(4) once it dismissed the case under MCR 2.116(C)(8).

[4] With the response, plaintiff's counsel submitted an affidavit stating that there were emails and communications between Consumers' representatives and defendant city officials, including the

After taking the matter under advisement following oral argument,[5] the trial court granted summary disposition in favor of defendant under MCR 2.116(C)(8), failure to state a claim. The trial court concluded:

> While the First Amended Complaint does assert generally that the City wrongfully required Plaintiffs employer to withhold taxes while he was working remotely, it is lacking the specific allegation that the City required [plaintiff's] employer to withhold City taxes in a manner that was inconsistent with the most recent exemption certificate submitted by the Plaintiff to his employer.

Plaintiff moved for reconsideration or leave to amend his complaint, alleging that the trial court erred by applying standards for MCR 2.116(C)(10) rather than (C)(8) when it required plaintiff to produce evidentiary support for his allegations instead of accepting them as true. The trial court denied reconsideration, concluding that plaintiff failed to show palpable error by which the trial court or parties were misled.

Plaintiff filed a renewed motion for leave to file a second amended complaint. The trial court denied the motion, stating:

> If you cannot allege that your—that Consumers withheld contrary to the withholding certificate that the employee filed you cannot state a claim. It's that simple. Otherwise you've got a situation where Consumers withheld exactly the way the employe[e] told them to withhold.
>
> And I explained that very clearly in my ruling on your motion for reconsideration. Your proposed amended complaint does not allege what I told you it needed to allege to state a claim. I'm denying your motion to amend because I find that it would be futile.

Following these decisions, plaintiff appeals.

---

city treasurer, and it was demanded that city income tax continue to be collected from nonresidents that were not working within city limits.

[5] Before the trial court issued its written opinion and order granting summary disposition, plaintiff filed a motion for leave to amend the complaint. At the hearing, the trial court indicated that, in researching the summary disposition motion, it learned the employee could provide an election form to Consumers regarding city income tax withholding and the percentage of time expended working in different cities. The trial court also noted that a new form could be completed to reflect a change in circumstances, such as working from home. In discussing this issue, plaintiff's counsel continued to assert that defendant's officials demanded that Consumers continue to collect city income tax regardless of the employee's work location. However, the trial court noted that the documentation regarding the withdrawal of city taxes consisted of correspondence exchanged between employees and Consumers as the employer without any involvement by defendant. After discussing this issue, the parties addressed plaintiff's motion. Ultimately, the trial court granted plaintiff's motion to file an amended complaint.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision to grant summary disposition under MCR 2.116(C)(8). *Varela v Spanski*, 329 Mich App 58, 68; 941 NW2d 60 (2019). Summary disposition under MCR 2.116(C)(8) is proper when "[t]he opposing party has failed to state a claim on which relief can be granted." MCR 2.116(C)(8). "Only the pleadings may be considered when the motion is based on subrule (C)(8) or (9)." MCR 2.116(G)(5).

A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim as presented in the pleadings, as opposed to MCR 2.116(C)(10), which tests the factual sufficiency of a claim. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159-160; 934 NW2d 665 (2019). Factual allegations in support of the claim, as well as any reasonable inferences or conclusions drawn from the facts, are accepted as true and are construed in the light most favorable to the nonmoving party. *Wormsbacher v Phillip R Seaver Title Co*, 284 Mich App 1, 3; 772 NW2d 827 (2009). A mere statement of conclusions unsupported by allegations of facts are insufficient to state a cause of action. *Varela*, 329 Mich App at 79. A motion under MCR 2.116(C)(8) may only be granted when "the claims are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Kazor v Dep't of Licensing & Regulatory Affairs*, 327 Mich App 420, 422; 934 NW2d 54 (2019).[6]

Questions of statutory interpretation are reviewed de novo. *Moore v Genesee Co*, 337 Mich App 723, 727-728; ___ NW2d ___ (2021). The primary goal of statutory interpretation is to give effect to the Legislature's intent as expressed in the plain language of the statute. *Le Gassick v Univ of Mich Regents*, 330 Mich App 487, 495; 948 NW2d 452 (2019). If the language of the statute is clear and unambiguous, there is a presumption that the Legislature intended the meaning plainly expressed in the statute, and the court's interpretation must give effect to every word, phrase, and clause. *Id*. The use of the term "may" denotes permissive action while the use of the term "shall" generally denotes mandatory action. *Manuel v Gill*, 481 Mich 637, 647; 753 NW2d 48 (2008).

## III. ANALYSIS

Plaintiff contends that the trial court erred when it sua sponte[7] concluded that he failed to state a claim on which relief could be granted because plaintiff was not subject to CITA when his

---

[6] Plaintiff only challenges the trial court's ruling on the dispositive motion and does not address the trial court's denial of the motion for reconsideration of the denial of the motion to file a second amended complaint.

[7] We disagree that the trial court sua sponte granted summary disposition to defendant on grounds not raised. Although the crux of defendant's dispositive motion raised a challenge to jurisdiction, defendant also noted that plaintiff took issue with Consumers' income tax withholding process which was governed by CITA and the statutory requirement pertaining to exemptions in light of the city of residence and the predominant place of employment, citing MCL 141.654. Further, at the hearing on the motion to amend the complaint, the trial court questioned the parties' counsel regarding the interaction and documentation between the employee and the employer in selecting

work location was transferred outside the city limits and because the city illegally disallowed employers from changing exemption rates. We disagree.

Defendant adopted Michigan's CITA by reference when it enacted its Uniform City Income Tax Ordinance. With regard to the withholding of city income taxes by the employer, § 51 of the CITA, MCL 141.651, states in pertinent part:

> (1) An employer doing business or maintaining an establishment within the city shall withhold from each payment to the employer's employees on and after the effective date of this ordinance the tax on their compensation subject to the tax, after giving effect to exemptions, as follows:
>
> * * *
>
> (b) Nonresidents. At a rate equal to the rate set by ordinance to be levied under this ordinance on nonresidents but not to exceed 50% of the percentage rate imposed on resident individuals of the compensation paid to the employee for work done or services performed in the city designated by the employee as the employee's predominant place of employment. The withholding rate shall be applied to the percentage of the employee's total compensation equal to the employee's estimated percentage of work to be done or services to be performed in the city for that employer, but no withholding shall be required if the estimated percentage of work is less than 25%.
>
> (2) An employer withholding the tax is deemed to hold the tax as a trustee for the city.
>
> (3) An employer who is required to withhold and who fails or refuses to deduct and withhold is liable for the payment of the amount required to be withheld. The liability shall be discharged upon payment of the tax by the employee but the employer is not relieved of penalties and interest provided in this ordinance for this failure or refusal. [MCL 141.651.]

Under the plain language of MCL 141.651, Consumers, as plaintiff's employer, was required to withhold city taxes from plaintiff's compensation in accordance with any requested exemptions. The Legislature's use of the term "shall" denoted mandatory action on the part of Consumers to withhold city taxes from the compensation earned by their employee, plaintiff, even as a

---

and changing an exemption premised on residency and work location that did not involve the taxing city. Moreover, a formal motion may not be required for an issue to properly be before the court if the position of both parties is presented to the court. See *Alpine Constr Co v Gilliland Constr Co*, 50 Mich App 568, 572 n 2; 213 NW2d 824 (1973).

nonresident, MCL 141.651(1)(b).[8] *Manuel*, 481 Mich at 647. The requirement on the employer was subject to any exemptions. MCL 141.651(1).

To calculate exemptions, the "estimated percentage of work" must be examined. 141.651(1)(b). The manner in which an employee is to designate his estimated withholding is described in § 54 of the CITA, which states:

> An employee with compensation subject to tax shall file with his or her employer a form on which the employee states the number of exemptions claimed, the city of residence, the predominant place of employment . . . and the percentage of work done or services performed in the predominant place of employment. The percentage shall be expressed as "less than 25%", "40%", "60%", "80%", or "100%". The employer shall retain the form [and] rely on the information on the form for withholding purposes unless directed by the city to withhold on another basis . . . . If information submitted by the employee is not believed to be true, correct, and complete, the city shall be advised . . . . [MCL 141.654.]

Plaintiff's counsel faulted the trial court for locating the JW-4 form that addressed allocation of work done, stating that it was outside the scope of the record. But a court may take judicial notice of a public record, *Johnson v Dep't of Natural Resources*, 310 Mich App 635, 648-649; 873 NW2d 842 (2015), at any stage of the proceedings, whether requested or not, MRE 201(c), (d). The directions and percentages on the JW-4 form were, in fact, in accordance with and dictated by § 54 of the CITA. Therefore, the judge properly considered this information when ruling on the motion for summary disposition.

Next, § 54 of the CITA requires the employer to follow the employee's withholding directions "unless directed by the city to withhold on another basis." MCL 141.654. Again, plaintiff's complaint does not allege that § 54 is unconstitutional, only that defendant acted unlawfully when it allegedly demanded that Consumers continue to withhold city taxes at a full-year rate. MCL 141.654. This statute authorized Consumers to withhold city taxes subject to the submission of the appropriate exemptions and documentation; a mandatory act placed on plaintiff as the employee in light of the use of the term "shall." *Manuel*, 481 Mich at 647. Because plaintiff did not file the requisite form and revise his exemptions, defendant did not direct the withholding of city income taxes occur on an alternate ground.

Section 54 of the CITA also contemplates that employees and employers may not know exactly how much work a nonresident will complete in the city in a coming year. Because the estimated percentage of time an employee expects to work in the city may change, § 55 of the CITA addresses the process when an employee wishes to revise his withholding estimate for the coming year. Section 55 states in pertinent part:

---

[8] The plain language of the statute indicates mandatory action not subject to negotiation between a city and an employer. We cannot disregard the plain language of the statute, and any interpretation to the contrary must be directed to the Legislature.

(1) Except as provided in subsection (2), an employee shall file with his or her employer a revised form within 10 days after the number of exemptions decreases when a change in residence from or to a taxing city occurs. The employee may file a revised form when the number of exemptions increases. An employee shall file a revised form by December 1 of each year, if his or her predominant place of employment [or] estimate of the percentage of work done or services to be rendered in the city . . . will change for the ensuing year. Revised withholding certificates shall not be given retroactive effect. [MCL 141.655(1).]

Defendant indicated that although the CITA appears to allow for these changes once a year, the withholding process is strictly "by and between the employer and the employee" and not an action controlled by a city. The full impact of COVID-19 on workers or workplaces when the virus was detected in Michigan in March 2020 was unknown; the need for or availability of telecommuting for the remainder of the year and beyond was unpredictable. By statute, however, plaintiff was given a remedy for overpayment of city income tax by filing a revised withholding certificate with Consumers, MCL 141.655(1), but there is no allegation that plaintiff did so.

Finally, § 58 of the CITA addresses what happens when too much tax is withheld:

If an employer withholds more than the apparent tax liability of an employee due to an increase in the number of exemptions claimed during the year, *or due to the actual percentage of work performed in the city by a nonresident being less than the estimated percentage*, or due to a change of residence during the year to or from a taxing city, or due to any reason other than the employer's error, the employer shall neither refund the excess to the employee nor offset the excess by under-withholding in a subsequent period. *The employee shall claim his refund from the city on his annual return*. [MCL 141.658 (emphasis added).]

Like MCL 141.651(1)(b), this provision accounts for the fact that determining precise tax amounts for a coming year is not usually possible. Instead, taxes are withheld on the basis of estimates but the final amount owed to the city can change in reality because of various factors, namely, the percentage of work actually performed by nonresidents within the city limits. In this instance, an employer does not provide an offset for the excess withholding, but rather, the employee's reconciliation occurs when he claims his refund from the city on the annual return.

Plaintiff's next option, therefore, was to file a tax return for the year 2020. He did not claim to do that. Instead, he argued that the wording on the 2020 tax form J-1040, "[w]orking at home counts as a day in the city," meant that defendant would not honor a refund anyway. But plaintiff has no standing to bring a claim arising from the *possibility* of nonpayment without actually being denied a withholding change and accompanying refund from defendant city. Accordingly, plaintiff cannot show an injury in fact. See *Prentiss Family Foundation, Inc v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 56; 698 NW2d 900 (2005).

Plaintiff also submits that even if he did file for a refund, defendant's retention of the tax payments during the year deprived plaintiff of the interest it could have generated in his own possession. The CITA, however, does not provide for interest on tax refunds unless the refund is made "beginning 45 days after the claim is filed or 45 days after the date established under this

ordinance for the filing of the return, whichever is later." MCL 141.643(3). Therefore, unless plaintiff made a valid claim for a tax refund and defendant held that refund for longer than the CITA allows, no interest payment would be required by law. Plaintiff's contention that the CITA does not apply to him because he transferred outside the city limits is contrary to the statute's plain language that requires employers to withhold city taxes, employees to provide exemptions and estimates of where the work will be performed, and submission of the appropriate documentation to reflect the work relationship.

In summary, the factual allegations raised in his first amended complaint, even when construed as true, do not render defendant's actions unlawful. Further, because the CITA allows the city to require withholding "on another basis," no factual development of these claims could justify a recovery. See *Kyocera Corp v Hemlock Semiconductor, LLC*, 313 Mich App 437, 456; 886 NW2d 445 (2015). As a result, plaintiff's factual claims are not legally sufficient to state a claim on which relief can be granted. Plaintiff's own conclusions to the contrary are both incorrect and insufficient to state a cause of action. Regardless of whether defendant made oral or written representations to the contrary, it also adopted the CITA that created a mandatory process for collection of city taxes by employers, a methodology for estimating and revising exemptions that lowered the tax premised on residency and work location, and the entitlement to a refund. There was no allegation that plaintiff availed himself of the procedure established by the Legislature. Therefore, the trial court properly granted summary disposition under MCR 2.116(C)(8) in favor of defendant.

Affirmed. As the prevailing party, defendant is entitled to costs. MCR 7.219(A).

/s/ Kirsten Frank Kelly
/s/ Anica Letica
/s/ Michelle M. Rick

-8-